IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNEARTH, INC.; and THE SOLARAY CORPORATION,<br><br>    Plaintiffs,<br><br>  v.<br><br>SUN EARTH SOLAR POWER CO., LTD.; NBSOLAR USA, INC.; and DOES 1-10,<br><br>    Defendants.<br>_____/ | No. C 11-4991 CW<br><br>ORDER GRANTING IN PART DEFENDANTS' MOTION TO MODIFY THE PRELIMINARY INJUNCTION<br>(Docket No. 69) |

Defendants Sun Earth Solar Power Company, Limited (SESP) and NBSolar USA Inc. have filed a motion to modify the preliminary injunction issued by this Court on February 2, 2012. Plaintiffs SunEarth Inc. and The Solaray Corporation oppose Defendants' proposed modifications and have submitted their own proposed changes. For the reasons set forth below, the Court GRANTS IN PART Defendants' motion.

BACKGROUND

On November 30, 2011, Plaintiffs filed a motion for a preliminary injunction, preventing Defendants from infringing upon Plaintiffs' trademark, trade name and service mark. On that day, Plaintiffs emailed a copy of their proposed order to the Court and to Defendants, but did not file it in the public docket.

Upon Defendants' motion to enlarge time, the Court granted both parties leave to file supplemental briefs after the parties completed expedited discovery related to the motion for a preliminary injunction. Defendants did not address the scope or breadth of Plaintiffs' proposed preliminary injunction either in

their opposition filed on December 22, 2011 or in their supplemental brief filed on January 19, 2012.

On January 31, 2012, two days before the Court's hearing on the matter, Plaintiffs filed a revised proposed order.  In that proposed order, Plaintiffs narrowed the scope of the preliminary injunction that they sought and removed an originally requested term explicitly prohibiting Defendants from mentioning inside the United States their relationship to SESP as operated outside the United States.  On that date, Defendants filed a motion to strike Plaintiffs' original and revised proposed orders, for failure to file the original proposed order in the public docket as required by the Local Rules and General Order 45, and alternatively sought additional briefing to address the terms of the proposed order.  Defendants acknowledged that they had received an email containing the proposed order on November 30, 2011.  Rutt Decl. ¶ 5.

On February 2, 2012, the Court held a hearing on Plaintiffs' motion for a preliminary injunction.  At that time, the Court denied Defendants' motion to strike, finding that Plaintiffs' failure to file the proposed order in the docket was excusable because Plaintiffs had provided sufficient notice of their proposed order to Defendants by emailing them a copy more than two months before, when Plaintiffs had also emailed a copy to the Court.  See Allen v. United States Fidelity & Guaranty Co., 342 F.2d 951, 954 (9th Cir. 1965); Phoenix Global Ventures, LLC v. Phoenix Hotel Assocs., Ltd., 422 F.3d 72, 76 (2d Cir. 2005) (district courts have inherent authority to excuse failure to comply with its local rules).  At the hearing, Defendants

2

objected, for the first time, to Plaintiffs' proposed restrictions on Defendants' web pages.

Following the hearing, this Court issued a preliminary injunction. See Docket No. 60. The next day, February 3, 2012, this Court issued an Order Granting Plaintiffs' Motion for a Preliminary Injunction. See Docket No. 63. In that Order, the Court directed the parties to attempt to reach an agreement regarding: (1) reasonable terms for an exception to the current preliminary injunction to allow Defendants to explain within the United States, including at trade shows and conferences, their affiliation with their Sun-Earth name and mark used outside of the United States, without creating confusion; and (2) reasonable terms to add to the current preliminary injunction to provide referrals for users from the Sun-earth.com, SunEarthpower.com, and SunEarthpower.net domain names to Defendants' non-infringing websites, without creating confusion. If the parties were unable to reach an agreement on such terms, Defendants were to make a motion to modify the preliminary injunction, containing only proposed modifications to accomplish this purpose.

On February 24, 2012, Defendants filed the instant motion and noticed it for hearing on March 29, 2012. Defendants stated that the current preliminary injunction effectively prohibits them from doing any business within the United States, because they cannot, for example, identify SESP as the manufacturer of their products on customs forms and other documents required when importing goods. Defendants asked that the preliminary injunction be modified to allow them to identify SESP "in the ordinary course of business . . . in a reasonably inconspicuous manner," to allow

3

them to explain orally the affiliation between NBSolar and SESP, to distribute a brochure that "prominently" describes the affiliation between NBSolar and SESP, and to display their Sun-Earth logo at certain trade shows and conferences, along with an explanation of the affiliation between NBSolar and SESP. Defendants also made proposals regarding referrals from the Sun-earth.com, SunEarthpower.com, and SunEarthpower.net domain names, and certain changes associated with their NBSolar.com webpage. Defendants further stated that the current preliminary injunction effectively prohibits SESP from purchasing equipment in the United States for export to SESP in China to use in manufacturing its products.

On March 2, 2012, Plaintiffs filed an opposition to Defendants' motion and made their own proposal for modifications to the preliminary injunction. Plaintiffs argued that Defendants' first proposed change was too broad and allowed too much discretion to Defendants. Plaintiffs did not oppose Defendants' request to be allowed to explain orally their connection to SESP, but want to limit such communications strictly. Plaintiffs opposed Defendants' request to be allowed to distribute brochures and to display the Sun-Earth logo at trade shows. Plaintiffs requested significant restrictions on Defendants' display of an explanation of the affiliation between NBSolar and SESP at trade shows and conferences. Plaintiffs opposed Defendants' website proposal, arguing that re-directing users from the infringing Sun-earth.com, SunEarthpower.com, and SunEarthpower.net domains to nbsolar.com creates a "direct, frictionless association" between the infringing name and Defendants' NBSolar name. Plaintiffs

4

instead request that a registry hold be placed on Defendants' websites.

On March 5, 2012, Defendants filed a reply in support of their motion to modify the preliminary injunction. Defendants generally oppose Plaintiffs' proposals as too narrow and restrictive.[1]

DISCUSSION

The Court is persuaded that the preliminary injunction should be modified to add terms that would explicitly allow Defendants to import their products into the United States for sale under a non-infringing name, such as NBSolar. The Court recognizes that, in order to do so, Defendants may be required to identify SESP as the manufacturer of the products in certain instances. However, the Court finds that Defendants' proposed language is broader than necessary to accomplish this. The Court limits Defendants to identifying SESP as the manufacturer, importer or seller of goods branded as NBSolar to the minimum extent necessary as required by law or ordinary business customs to operate within the United States under the NBSolar name. The Court also allows Defendants to identify SESP when necessary to buy manufacturing equipment in the United States for export to SESP in China, and adds an exception to the preliminary injunction allowing them to do so within certain limitations.

---

[1] To the extent that Defendants have attached evidence to their reply that appears directed at asking this Court to reconsider its prior ruling, the Court declines to do so. The Court also notes that this evidence is untimely and that Defendants have not sought leave to file a motion for reconsideration.

5

The Court is also persuaded that reasonable terms should be added to the preliminary injunction to allow Defendants to explain within the United States their affiliation with the Sun-Earth name and mark that they use outside of the United States. Plaintiffs' proposed restrictions on oral explanations are unduly limiting and cumbersome, and the Court finds the language proposed by Defendants for that purpose to be reasonable. However, the Court declines to authorize Defendants to distribute without restriction brochures that "prominently" refer to "Sun-Earth." The Court adopts a compromise between the parties' competing proposals regarding the limitations placed on the sign that Defendants may post at trade shows and conferences.

Finally, the Court finds that the Sun-earth.com, SunEarthpower.com, and SunEarthpower.net domain names should not be placed on a registry hold for the duration of this action, because to do so would significantly affect Defendants' customers outside of the United States. Instead, the Court will adopt reasonable terms providing that users within the United States who visit these web pages shall be able to choose to continue to either the nbsolar.com home webpage or the sunearthinc.com home webpage. The Court also largely adopts Defendants' proposals for other changes directed at eliminating the use of the Sun-Earth name and logo from web pages within the nbsolar.com domain and the associated keyword metatags, and at providing an explanation of their affiliation with SESP outside of the United States.

## CONCLUSION

For the reasons set forth above, Defendants' motion to modify the preliminary injunction is GRANTED IN PART (Docket No. 69).

6

The Court shall enter a modified preliminary injunction as a separate document.  The modified preliminary injunction supersedes and replaces the original preliminary injunction.

IT IS SO ORDERED.

Dated: 3/13/2012

CLAUDIA WILKEN
United States District Judge