IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNEARTH, INC.; and THE SOLARAY CORPORATION, | No. C 11-4991 CW |
| Plaintiffs, | MODIFIED PRELIMINARY INJUNCTION |
| v. | |
| SUN EARTH SOLAR POWER CO., LTD.; NBSOLAR USA, INC.; and DOES 1-10, | |
| Defendants. | |
| _____/ | |

For the reasons set forth in its concurrently-filed Order Granting in Part Defendants' Motion to Amend the Preliminary Injunction, the Court vacates its preliminary injunction issued on February 2, 2012 and issues a modified preliminary injunction as follows:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendants and their officers, agents, servants, affiliates, employees, and attorneys, and all those acting in concert or participation with any of them who receive actual notice of this Order, are HEREBY ENJOINED:

1.   From using or continuing to use the words "SUN EARTH" (with or without a space or capitalization or hyphen), either alone or in conjunction with any other words or symbols, or any phonetically or visually similar words or symbols in any combination, as a trademark, service mark or trade name within the United States, its territories or possessions (the "Territory"), provided that:

**United States District Court**
For the Northern District of California

1    A.   for goods branded as NBSolar rather than Sun Earth,

2  Defendants shall be permitted to identify SESP as the

3  manufacturer, importer or seller of the goods to the minimum

4  extent necessary as required by law or ordinary business customs

5  to operate within the United States under the NBSolar name; and

6    B.   for equipment purchased by Defendants from sellers

7  within the United States for export to SESP in China, Defendants

8  shall be permitted to identify SESP as the buyer of the equipment,

9  to the minimum extent necessary as required by law or ordinary

10  business customs.

11    C.   Under subsections A and B above, wherever possible,

12  Defendants shall identify themselves as NBSolar and/or an acronym,

13  such as SESP, that avoids the use of the words "SUN EARTH" (with

14  or without a space or capitalization or hyphen).  Where Defendants

15  do use the words "SUN EARTH" under the terms of these subsections,

16  Defendants shall not display the words "SUN EARTH" in a

17  distinctive manner of presentation that makes them stand out in

18  any way from other words on the relevant document and shall not

19  use the "Sun Earth" logo.

20  2.   From using or continuing to use the words "SUN EARTH" (with

21  or without a space or capitalization or hyphen), either alone or

22  in conjunction with any other words or symbols, or any

23  phonetically or visually similar words or symbols in any

24  combination, in, or in connection with, any marketing or

25  advertising or any other promotional materials viewable within the

26  Territory;

27  3.   From using or continuing to use the words "SUN EARTH" (with

28  or without a space or capitalization or hyphen), either alone or

in conjunction with any other words, as an keyword or other triggering mechanism to generate any internet advertising viewable within the Territory; and

4.   From importing into the Territory any goods upon which the words "SUN EARTH" (with or without a space or capitalization or hyphen), either alone or in conjunction with any other words or symbols, or any phonetically or visually similar words or symbols in any combination, appears or are shown on the packaging for such goods.

5.   Upon either Plaintiff's request, the top level domain (TLD) Registry for SunEarth.us (Neustar, Inc.) shall, within thirty (30) days of receipt of this Order, place that domain name on Registry Hold status, thus removing it from the TLD zone files maintained by the Registry which link the domain name to the internet protocol address where the associated website is hosted.

6.   Nothing in this Order shall preclude Defendants from registering any country code top level domain [such as .cn (for China) or .de (for Germany)], except for the .us country code top level domain, which contains the words "SUN EARTH" (with or without a space or capitalization or hyphen), either alone or in conjunction with any other words, or from publishing one or more websites at any of those country code top level domains.

7.   Defendants shall, within thirty days of the date of this Order:

    A.   Take reasonable measures to ensure that visitors from within the United States who visit Sun-Earth.com, SunEarthPower.com, and SunEarthPower.net are presented with a webpage that: (1) allows them to choose to continue to either the

3

nbsolar.com home webpage or the sunearthinc.com home webpage; and
(2) contains language clarifying that the companies associated
with those webpages are not affiliated with one another;

     B.   Replace the Sun-Earth logo which currently appears at
the top of each webpage on the nbsolar.com domain with the nbsolar
mark and logo;

     C.   Add to the nbsolar.com home webpage the following
explanation, or a similar variation thereof: "NBSolar USA, Inc.
has no affiliation with SunEarth Inc. or The Solaray Corporation.
NBSolar USA, Inc., is a distributor within the United States of
products carrying the NBSolar brand, manufactured by Sun Earth
Solar Power Co., Ltd., of Ningbo, China.  Outside of the United
States, Sun Earth Solar Power Co., Ltd. sells products under the
brand Sun-Earth.  All sales in the United States, however, use
only the NBSolar brand."; and

     D.   Remove all uses of "Sun Earth" from the keyword metatags
of the nbsolar.com domain.

8.   Nothing in this Order shall preclude Defendants from
explaining within the United States, including at trade shows and
conferences, their affiliation with their Sun-Earth name and mark
as used outside of the United States in the following manners:

     A.   By explaining orally their affiliation with the Sun
Earth name and mark that they use outside of the United States; or

     B.   By displaying at trade shows and conferences where the
NBSolar logo is displayed, one stand-alone sign on their trade
show booth, the sign being no larger than 12 inches x 12 inches in
black and white font not larger than 20 point typeface, the
following explanation, or a similar variation thereof: "NBSolar

USA, Inc. has no affiliation with SunEarth Inc. or The Solaray Corporation.  NBSolar USA, Inc., is a distributor within the United States of products carrying the NBSolar brand, manufactured by Sun Earth Solar Power Co., Ltd., of Ningbo, China.  Outside of the United States, Sun Earth Solar Power Co., Ltd. sells products under the brand Sun-Earth.  All sales in the United States, however, use only the NBSolar brand." Defendants shall not depict the words "Sun Earth" in a different manner of presentation in any way from the other words in that sentence and on that sign. Defendants shall not display their Sun-Earth logo on that sign.

9.   Because Plaintiffs have filed with the Court evidence of a bond in the sum of $5,000.00, see Docket No. 67, this preliminary injunction shall take effect immediately upon issuance.

10.  Defendants shall file with the Court and serve on Plaintiffs, within thirty-five (35) days after the effective date of the original Preliminary Injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied.

11.  This preliminary injunction shall continue in effect until final judgment in this case, unless ordered otherwise.

IT IS SO ORDERED.

Dated: 3/13/2012

CLAUDIA WILKEN
United States District Judge