IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNEARTH, INC.; and THE SOLARAY CORPORATION,<br><br>    Plaintiffs,<br><br>  v.<br><br>SUN EARTH SOLAR POWER CO., LTD.; NBSOLAR USA, INC.; and DOES 1-10,<br><br>    Defendants. | No. C 11-4991 CW<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES<br>(Docket No. 91) |

Plaintiffs SunEarth, Inc. and The Solaray Corporation move to strike the affirmative defenses of Defendants Sun Earth Solar Power Company, Limited (SESP) and NBSolar USA, Inc. Defendants oppose Plaintiffs' motion. Having considered the arguments presented by the parties in their papers and at the hearing, the Court GRANTS Plaintiffs' motion, STRIKES Defendants' affirmative defenses, and GRANTS Defendants leave to amend.

## BACKGROUND

On October 11, 2011, Plaintiffs initiated this trade name and trademark infringement action, alleging that Defendants have misappropriated and infringed Plaintiffs' "Sun Earth" trademark, service mark and trade name.

On November 8, 2011, Defendants filed their answer to Plaintiffs' complaint, pleading as affirmative defenses that "Plaintiffs' claims are barred by laches and estoppel," without elaboration. Answer, Docket No. 23, 4.

On January 26, 2011, the parties filed a joint case management statement, stating that a disputed legal issue was

whether laches bars Plaintiffs' claims. Joint Case Management Statement, Docket No. 55, 9. Estoppel was not mentioned.

On March 13, 2012, after this Court granted Plaintiffs leave to do so, Plaintiffs filed their first amended complaint (1AC). Docket No. 81.

On March 27, 2012, Defendants filed their answer to the 1AC and included counterclaims for unfair competition based on common law and California statute. Docket No. 84. Defendants again included as affirmative defenses that "Plaintiffs' claims are barred by estoppel and laches," without elaboration. Id. at 6.

On April 5, 2012, Plaintiffs filed their answer to Defendants' counterclaims. Docket No. 85. On the same day, Defendants filed an amended answer to the 1AC, removing their counterclaims completely but making no other alterations. Docket No. 86. Defendants again asserted that "Plaintiffs' claims are barred by estoppel and laches," without elaboration. Id. at 6.

On April 26, 2012, Plaintiffs filed the instant motion to strike. Docket No. 91.

DISCUSSION

I. Timeliness of Plaintiffs' Motion to Strike

Federal Rule of Civil Procedure 12(f) states that a party may make a motion to strike material from a pleading "either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading."

It is undisputed that Plaintiffs filed their motion to strike within twenty-one days of being served with the amended answer to the 1AC. Defendants argue that Plaintiffs' motion to strike is nonetheless untimely because it was not filed within twenty-one

2

days of November 8, 2011, when Defendants first asserted their affirmative defenses. In support, Defendants cite cases in which courts have denied a motion to strike as untimely when it was filed a long time after the filing of the pleading it challenged, but do not provide authority in which a court has done so when a motion to strike a pleading was filed within the applicable time period after service of that pleading, because the material it sought to strike was also contained in an earlier version of the pleading.

At least one other judge in this District has rejected Defendants' argument as "unpersuasive." See Raychem Corp. v. PSI Telcoms., 1995 U.S. Dist. LEXIS 22325, at *5 (N.D. Cal.). This Court agrees that Defendants' argument is unavailing. As previously stated, Rule 12(f) allows a party to file a motion to strike "within 21 days after being served with the pleading," and the operative pleading was served exactly twenty-one days before Plaintiffs filed their motion to strike. Thus, Plaintiffs' motion is timely.

Further, even if Plaintiffs' motion were untimely, this Court retains the discretion to consider the arguments they raise sua sponte. Rule 12(f) allows the court to act "on its own" without a time restriction. Thus, a number of courts have found they may properly consider arguments raised in an untimely motion to strike under this rule. See, e.g., Williams v. Jader Fuel Co., 944 F.2d 1388, 1399 (7th Cir. 1991); Abarca v. Franklin County Water Dist., 2009 U.S. Dist. LEXIS 42609, at *16 (E.D. Cal.); United States v. Global Mortg. Funding, Inc., 2008 U.S. Dist. LEXIS 102897, at *6

3

(C.D. Cal.). Accordingly, the Court will reach the merits of Plaintiffs' motion.

II. Motion to Strike

Plaintiffs argue that Defendants have not adequately plead the factual basis for their laches and estoppel affirmative defenses under either the pleading standard set forth in the Supreme Court's decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), or the less rigorous standard set forth in Wyshak v. City Nat'l Bank, 607 F.2d 824, 826 (9th Cir. 1979).

Rule 8 requires that, when "responding to a pleading, a party must . . . state in short and plain terms its defenses to each claim asserted against it." Federal Rule of Civil Procedure 8(b). Rule 12(f) provides that, on its own or on a motion from a party, a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Federal Rule of Civil Procedure 12(f). "The purposes of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues." Barnes v. AT&T Pension Benefit Plan--Nonbargained Program, 718 F. Supp. 2d 1167 (N.D. Cal. 2010) (citing Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993)).

Like the other judges in this district who have considered the issue, this Court has recently held that "the heightened pleading standard set forth in Twombly and Iqbal also applies to affirmative defenses." Powertech Tech., Inc. v. Tessera, Inc., 2012 U.S. Dist. LEXIS 68711, at *13 (N.D. Cal.). See also Perez v. Gordon & Wong Law Group, P.C., 2012 WL 1029425, at *6 (N.D.

4

Cal.) (Koh, J.); Barnes & Noble, Inc. v. LSI Corp., 2012 WL 359713, at *2 (N.D. Cal.) (Chen, J.); Bottoni v. Sallie Mae, Inc., 2011 WL 3678878, at *2 (N.D. Cal.) (Beeler, M.J.); Dion v. Fulton Friedman & Gullace LLP, 2012 WL 160221, at *2 (N.D. Cal.) (Conti, J.); J & J Sports Productions, Inc. v. Mendoza Govan, 2011 WL 1544886, at *1 (N.D. Cal.) (Alsup, J.); Barnes, 718 F. Supp. 2d at 1171-72 (Patel, J.). Because Defendants' affirmative defenses include only conclusory allegations, without providing any information about the grounds upon which they rest, they have insufficiently plead these defenses as required to provide fair notice under either this standard or the earlier Wyshak standard. Thus, the Court GRANTS Plaintiffs' motion to strike.

Defendants ask that the Court either amend their pleadings to conform to the details that they set forth in their prior filings, or grant them leave to amend. They also provide a copy of their proposed amendment to their laches affirmative defense.

The authority that Defendants cite does not establish that the Court itself may amend their answer as Defendants have requested. Further, even if the Court had the authority to do so, it is not clear how the Court could construe Defendants' prior filings to allege their affirmative defenses properly; none of the documents to which Defendants point discusses estoppel or provides allegations that would put Plaintiffs on notice of the grounds for an affirmative defense on that basis.

The Court, however, will grant Defendants leave to amend their affirmative defenses. If a defense is struck, "[i]n the absence of prejudice to the opposing party, leave to amend should be freely given." Wyshak, 607 F.2d at 826. Plaintiffs do not

5

contend that granting Defendants leave to amend would prejudice them. Instead, they argue that Defendants' proposed amendment is insufficient as a matter of law to allege the affirmative defenses properly, in that it contains only allegations similar to the laches defense that Defendants asserted in opposition to Plaintiffs' motion for a preliminary injunction, which the Court, in granting the preliminary injunction, found unlikely to succeed, and that amendment would therefore be futile. However, that the defense is not likely to succeed on its merits does not necessarily mean that it is futile to allege.

## CONCLUSION

For the reasons set forth above, the Court GRANTS Plaintiffs' motion to strike Defendants' affirmative defenses (Docket No. 91). Defendants are granted leave to file their amended affirmative defenses within seven days of the date of this Order; Defendants may file their proposed amended affirmative defense or may file a different amended estoppel and/or laches defense. If Plaintiffs file a motion challenging the sufficiency of Defendants' amendment, they shall not repeat any of the arguments regarding futility made in their reply to this motion.

IT IS SO ORDERED.

Dated: 6/19/2012

CLAUDIA WILKEN
United States District Judge