James J. Foster (Mass. State Bar #553285)
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210-2206
Telephone: 617-646-8000
Facsimile: 617-646-8646
Email: jfoster@wolfgreenfield.com

Attorney for Defendants
Sun Earth Solar Power Co., Ltd. and NBSolar USA Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SUNEARTH, INC., THE SOLARAY CORPORATION,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>SUN EARTH SOLAR POWER CO., LTD., NBSOLAR USA INC., ET AL.,<br><br>　　　　Defendants. | Case No. 11-cv-04991 CW<br><br>**AMENDED REPORT OF DEFENDANTS** |

Pursuant to the Court's order dated June 20, 2012 (Dkt. No. 106 at 16-17) and paragraph 10 of the Modified Preliminary Injunction (D.I. 80), Defendants, Sun Earth Solar Power Co., Ltd. ("SESP") and NBSolar USA Inc. ("NBSolar"), amend their prior report (Dkt. No. 83) by setting forth in greater detail the manner and form in which Defendants have complied with that injunction.

Since the injunction has been in effect, Defendants have performed or refrained from the following conduct:

**1.**     *Use of the SUN EARTH mark within the United States.* Defendants have limited their use of the words "SUN EARTH" in the United States to uses permitted under Sections 1(A)-(C) of the Modified Preliminary Injunction.

Since the injunction went into effect on February 17, Defendants have not shipped or sold within the United States any products on which the SUN EARTH mark was visible on the product packaging.

Between February 17 and the Court's March 13 order, Defendants did not ship or sell any product bearing the SUN EARTH mark.  Following the court's modification of the preliminary injunction on March 13 (permitting Defendants "to identify SESP as the manufacturer, importer or seller of the goods"), Defendants have imported, sold and distributed in the United States photovoltaic panels under the NBSolar brand, as pictured below, which bear a small label on the back of each panel displaying the NBSolar mark and logo, but also identifying SESP as the manufacturer.






These labels are required under California law. Specifically, California's Net Energy Metering law requires that Defendants obtain certification for their PV panels from accredited testing laboratories such as Underwriters Laboratories ("UL"). Cal. Pub. Util. Code, § 2827(j).

AMENDED REPORT OF DEFENDANTS                                    Case No. 11-cv-04991 CW

1   Section 47 of UL 1703, the UL standard covering flat-plate photovoltaic modules and panels,
2   states: "A module or panel shall have a plain, legible, permanent marking that includes…(a) The
3   manufacturer's name, trademark, or other descriptive marking by which the organization
4   responsible for the product can be identified…"

5   While UL 1703 permits a private label name to be used in lieu of the actual
6   manufacturer's name, business realities compel Defendants to identify SESP as the manufacturer
7   of their PV panels. As explained in letters from Defendants' customers previously submitted to
8   the Court (Dkt. No. 74, Exs. S, T and U), changing the manufacturer name could jeopardize
9   SESP's customers' eligibility to receive federal funding obtained under Section 1603 of the
10  American Recovery and Reinvestment Tax Act. In addition, Defendants' customer, P3 Power
11  Systems ("P3"), indicated that P3's customers might be unable to fulfill their commitments under
12  New Jersey's program for Renewable Energy Credits if SESP cannot be identified as the PV
13  panel manufacturer. (Dkt. No. 74, Ex. T, at 2.)

14  In addition, as noted in Defendants' prior submission (Dkt. No. 69 at 4-5), California law
15  requires that, in order to be eligible to obtain the benefits of California's solar incentive program,
16  purchasers of PV panels must be given a 10-year manufacturer warranty. Cal. Pub. Util. §
17  387.5(d)(4); Cal. Solar Initiative Program Handbook, Sept. 2011, § 2.4 ("All solar energy
18  equipment for electricity generation…shall have a minimum 10-year manufacturer performance
19  warranty….System Owners will acknowledge on the Incentive Claim Form that they have
20  received a 10-year warranty."). Accordingly, Defendants' have included with their PV panels the
21  required manufacturer's warranty, which identifies SESP as the manufacturer and guarantor of
22  the performance warranty. If SESP had not disclosed to consumers SESP's identity as
23  manufacturer, SESP would be in violation of California law and would create confusion among
24  consumers about who to turn to in the event of a problem with their products.

25  Other than identifying SESP as the manufacturer in the product warranty literature and on
26  the UL certificate on the back of Defendants' PV panels, the products that Defendants have
27  imported, sold and distributed in the United States since the Court's injunction went into effect
28  have not included any reference to Sun Earth.

In addition, the website[1] of the California Energy Commission ("CEC") identifies SESP as a manufacturer of certain panels that, as set forth in CEC's "Guidelines for California's Solar Incentive Programs (Senate Bill 1)" ("Guidelines"), meet certain performance requirements and are therefore eligible to participate in California's solar incentives program.[2] Because panels manufactured by SESP have met these testing requirements, CEC identifies SESP as the manufacturer of panels on the list of eligible PV equipment, which is published on CEC's website. If CEC did not list those panels, past purchasers of those panels could potentially be deprived of their benefits if SESP were removed from the list. For example, purchasers who previously submitted paperwork identifying SESP as the manufacturer of PV panels could face difficulty in collecting performance-based incentives (paid out over a period of 5 years) if, during an onsite field inspection, an inspector is unable to verify that SESP is a manufacturer of incentive-eligible equipment.[3]

**2.    *Marketing.*** Defendants have refrained from placing any advertising in PHOTON – The Photovoltaic Magazine, which is directed to the United States market. Since at least 2005, Defendants have advertised in PHOTON International using their SUN EARTH mark. As discussed in their papers opposing Plaintiffs' contempt motion and at oral arguments on June 7, Defendants did not cancel advertisements in this magazine that ran after the Court's February 17 and March 13 orders because the magazine is primarily directed to the photovoltaic market outside of the United States. On June 11, before the Court's June 20 order, Defendants asked staff at Photon International to immediately stop publishing Defendants' advertisements in the magazine.

Other than their advertisements in Photon International, since the injunction went into effect Defendants have not used the SUN EARTH mark in any advertising that, to their knowledge, is viewable within the Territory.

---

[1] See http://www.gosolarcalifornia.org/equipment/pv_modules.php.
[2] Guidelines, at p. 10. The CEC's Guidelines are available at http://www.energy.ca.gov//2011publications/CEC-300-2011-005/CEC-300-2011-005-CMF.pdf.
[3] See California Solar Initiative (CSI) Program Handbook, Sec. 4.9.1.1 (describing periodic inspections of installed systems to ensure "compliance with CSI handbook rules" and noting that "manufacturer" is among the information that may be verified).

AMENDED REPORT OF DEFENDANTS                                        5
                                                                    Case No. 11-cv-04991 CW

3.  *Keywords.*  Defendants have purchased through Google AdWords phrases that include the words "sun earth."  To ensure compliance with Section 3 of the Court's modified preliminary injunction (Dkt. No. 80), Defendants have used Google's "exclude location" feature, which allows advertisers to prevent their ads from showing in certain locations.[4]  In particular, Defendants have excluded the entire United States from their Google AdWords campaign.

4.  *Changes to Defendants' "Sun Earth" Websites.*  Defendants' websites are managed by an outside IT company located in Ningbo, China.  The IT company is not fluent in English.  After reviewing the Court's March 13 order, SESP instructed its IT company to structure the Sun-Earth.com, SunEarthPower.com, and SunEarthPower.net websites so that United States visitors are redirected to a webpage providing visitors a choice between proceeding to the nbsolar.com or sunearthinc.com websites.  The IT company also added to the "choice" webpage the following statement: "The companies associated in those webpages are not affiliated with one another!  Nbsolar products are manufactured by Sun Earth Solar Power Co., Ltd., Ningbo, China.  Outside of the United States, Sun Earth Solar Power Co., Ltd. sells products under the brand "Sun-Earth," in the United States, however, all sales only use 'nbsolar' brand."

On April 10, 2012, Defendants' counsel discovered mistakes in the way in which the IT company had implemented the redirection.  Therefore, on April 12, 2012, the deadline for complying with Section 7 of the Court's March 13 Order, SESP instructed the IT company to block all access from the United States to those websites until it could be certain that United States visitors would be redirected, as the Court had instructed.

On or shortly after April 20, SESP was informed that the IT company had finished the work, and had unblocked access.  Defendants then contacted United States-based employees of NBSolar USA, and asked them to test the system from the United States by typing in the http://www.sun-earth.com, http://www.sunearthpower.com, and http://www.sunearthpower.net addresses.  They did so, and confirmed being redirected to the choice webpage.

---

[4] Google describes its "location exclusion" functionality in detail at http://support.google.com/adwords/bin/answer.py?hl=en&answer=1722040.

On April 24, 2012, Plaintiffs filed a motion claiming that Defendants had intentionally violated the Court's order. From Plaintiffs' papers, Defendants discovered that, though the homepage of the Defendants' three "Sun Earth" websites was inaccessible to United States visitors, these visitors could access certain subsidiary webpages of these websites. Therefore, SESP notified the IT company to again block access to the websites until the problem could be fixed. The IT company then fixed the problem by simply redirecting US visitors attempting to access subsidiary webpages on those sites to the same choice page. After implementing the solution, the IT company restored access within the United States to the choice webpage.

**5.** *Changes to Defendants' Nbsolar.com Website.* Defendants replaced the SUN EARTH logo on the nbsolar.com domain with the NBSolar mark and logo. Defendants removed all uses of SUN EARTH from the keyword metatags of nbsolar.com. Defendants also added the following disclaimer to the nbsolar.com homepage: "Nbsolar products are manufactured by Sun Earth Solar Power Co., Ltd., of Ningbo, China. Outside of the United States, Sun Earth Solar Power Co., Ltd. Sells products under the brand Sun-Earth. All sales in the United States, however, use only the nbsolar brand. Nbsolar USA Inc., is a distributor of nbsolar brand within the United States."

1  Dated: July 5, 2012                    WOLF, GREENFIELD & SACKS, P.C.

2

3                                          By:    /s/ James J. Foster
                                                  James J. Foster, Esq.
4                                                 Attorney for Defendants
                                                  SUN EARTH SOLAR POWER CO., LTD.,
5                                                 NBSOLAR USA INC.

6

7        I declare under penalty of perjury under the laws of the United States of America that the

8  foregoing is true and correct.

9

10

11

12

13  Executed on July 5, 2012              _____
                                          Yuming Dong
14                                        Senior Marketing and Sales Manager
                                          Sun Earth Solar Power Co., Ltd.
15

16

17

18

19

20

21

22

23

24

25

26

27

28