IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNEARTH, INC.; and THE SOLARAY CORPORATION,<br><br>      Plaintiffs,<br><br>  v.<br><br>SUN EARTH SOLAR POWER CO., LTD.; NBSOLAR USA, INC.; and DOES 1-10,<br><br>      Defendants.<br>_____/ | No. C 11-4991 CW<br><br>ORDER AWARDING ATTORNEYS' FEES IN CONNECTION WITH PLAINTIFFS' SECOND MOTION FOR CONTEMPT (Docket No. 90) AND DENYING PLAINTIFFS' THIRD MOTION FOR CIVIL CONTEMPT (Docket No. 113) |

    Plaintiffs SunEarth, Inc. and The Solaray Corporation move, for the third time, to hold Defendants Sun Earth Solar Power Company, Limited (SESP) and NBSolar USA, Inc. in civil contempt for violation of the preliminary injunction entered in this case. Defendants oppose Plaintiffs' motion. Having considered the arguments presented by the parties in their papers and at the hearing, the Court DENIES Plaintiffs' motion. The Court also GRANTS Plaintiffs' request for attorneys' fees and costs incurred to bring their second motion for contempt, which was previously granted.

BACKGROUND

    On October 11, 2011, Plaintiffs initiated this trade name and trademark infringement action, alleging that Defendants have misappropriated and infringed upon Plaintiffs' "Sun Earth" trademark, service mark and trade name.

    On February 2, 2012, the Court granted Plaintiffs' motion for a preliminary injunction, generally enjoining Defendants from

using the "Sun Earth" name and mark within the United States during the pendency of this action. Docket Nos. 60, 63. The initial preliminary injunction went into effect on February 17, 2012 upon Plaintiffs' payment of a $5,000 bond. Docket No. 67. At the time, instead of enjoining Defendants' use of the Sun-earth.com, SunEarthpower.com, and SunEarthpower.net domain names, the Court ordered the parties to attempt to reach an agreement on this issue, or to move for a modification to address it, along with one other issue. Docket No. 63, 37-38.

On February 24, 2012, Defendants filed a motion to amend the preliminary injunction, among other things, to add terms addressing the use of the domain names. Docket No. 69.

On March 6, 2012, Plaintiffs filed a motion to hold Defendants in civil contempt for continuing to use the "Sun Earth" name and mark on its websites. Docket No. 77.

On March 13, 2012, the Court granted in part Defendants' motion to modify the initial preliminary injunction and entered a modified preliminary injunction, which took effect immediately. Docket Nos. 79, 80. The modified preliminary injunction provided, in part, that Defendants were enjoined

> 1. From using or continuing to use the words "SUN EARTH" (with or without a space or capitalization or hyphen), either alone or in conjunction with any other words or symbols, or any phonetically or visually similar words or symbols in any combination, as a trademark, service mark or trade name within the United States, its territories or possessions (the "Territory"), provided that:
>
> A. for goods branded as NBSolar rather than Sun Earth, Defendants shall be permitted to identify SESP as the manufacturer, importer or seller of the goods to the minimum extent necessary as required by law or ordinary business customs to operate within the United States under the NBSolar name; and

2

>    B. for equipment purchased by Defendants from sellers within the United States for export to SESP in China, Defendants shall be permitted to identify SESP as the buyer of the equipment, to the minimum extent necessary as required by law or ordinary business customs.
>
>    C. Under subsections A and B above, wherever possible, Defendants shall identify themselves as NBSolar and/or an acronym, such as SESP, that avoids the use of the words "SUN EARTH" (with or without a space or capitalization or hyphen). Where Defendants do use the words "SUN EARTH" under the terms of these subsections, Defendants shall not display the words "SUN EARTH" in a distinctive manner of presentation that makes them stand out in any way from other words on the relevant document and shall not use the "Sun Earth" logo.
>
>    . . .
>
>    4. From importing into the Territory any goods upon which the words "SUN EARTH" (with or without a space or capitalization or hyphen), either alone or in conjunction with any other words or symbols, or any phonetically or visually similar words or symbols in any combination, appears or are shown on the packaging for such goods.

Modified Preliminary Injunction, Docket No. 80, 1-3. The injunction further required Defendants to take certain affirmative steps, including that

>    10. Defendants shall file with the Court and serve on Plaintiffs, within thirty-five (35) days after the effective date of the original Preliminary Injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied.

Id. at 3-4.

On March 16, 2012, Plaintiffs withdrew their first motion for civil contempt. Docket No. 82.

On March 23, 2012, Defendants filed their report pursuant to paragraph 10 of the preliminary injunction. Docket No. 83.

On April 24, 2012, Plaintiffs filed a second motion asking the Court to find Defendants in civil contempt for violating the modified preliminary injunction. Docket No. 90. On June 12,

3

1 2012, the Court granted the motion in part and took under
2 submission Plaintiffs' request for attorneys' fees incurred in
3 connection with the motion.  Docket No. 106.  Among other things,
4 the Court found that Defendants' report was non-compliant with the
5 requirements of the modified preliminary injunction because it
6 made conclusory and vague statements about the steps they had
7 taken to comply with the injunction and failed to address
8 whatsoever a number of the material terms of the injunction.  The
9 Court required Defendants to file a correct and complete
10 compliance report thereafter.

11     On July 5, 2012, Defendants filed their amended report.
12 Docket No. 109.  Among other things, Defendants stated,

> Following the court's modification of the preliminary
> injunction on March 13 (permitting Defendants "to
> identify SESP as the manufacturer, importer or seller of
> the goods"), Defendants have imported, sold and
> distributed in the United States photovoltaic panels
> under the NBSolar brand, as pictured below, which bear a
> small label on the back of each panel displaying the
> NBSolar mark and logo, but also identifying SESP as the
> manufacturer.
>
> . . .



27 Docket No. 109, 2-3.  Defendants also included a photograph of the
28 packaging of their solar panels:

4



Id. at 3.

On July 18, 2013, after the parties were unable to reach a settlement at a court-ordered mediation, Defendants sent Plaintiffs a proposed permanent injunction. Foster Decl., Ex. B, Docket No. 121-5. They attached to this declaration the following proposed version of their labels:



Id. at 8.  Defendants represent that these labels are "now appl[ied] to all NBSolar-branded panels shipped to the United States."  Dong Decl., Docket No. 121-1, ¶ 3.

                          LEGAL STANDARD

     A district court has the inherent authority to enforce compliance with its orders through a civil contempt proceeding. International Union, UMWA v. Bagwell, 512 U.S. 821, 827-28 (1994). A contempt sanction is considered civil if it "is remedial, and for the benefit of the complainant."  Id.  A contempt fine is

considered remedial if it either "coerce[s] the defendant into compliance with the court's order, [or] ... compensate[s] the complainant for losses sustained." United States v. United Mine Workers, 330 U.S. 258, 303–304 (1947). See also Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 517 (9th Cir. 1992).

"The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the [non-moving party] violated a specific and definite order of the court." FTC v. Affordable Media, LLC, 179 F.3d 1228, 1239 (9th Cir. 1999) (quoting Stone v. City & County of San Francisco, 968 F.2d 850, 856 n.9 (9th Cir. 1992)). The contempt "need not be willful, and there is no good faith exception to the requirement of obedience to a court order." In re Dual-Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir. 1993). "But a person should not be held in contempt if his action appears to be based on a good faith and reasonable interpretation of the court's order." Id. (internal formatting and quotations omitted). "'Substantial compliance' with the court order is a defense to civil contempt, and is not vitiated by 'a few technical violations' where every reasonable effort has been made to comply." Id. (citing Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc., 689 F.2d 885, 891 (9th Cir. 1982)).

Thus, the Court may grant a motion for an order of contempt if it finds that Defendants (1) violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence. Id. Once the moving party has met its

7

burden, the burden "shifts to the contemnors to demonstrate why they were unable to comply" with the court order. Stone, 968 F.2d at 856 n.9 (citing Donovan v. Mazzola, 716 F.2d 1226, 1240 (9th Cir. 1983)). "They must show they took every reasonable step to comply." Id. (citing Sekaquaptewa v. MacDonald, 544 F.2d 396, 406 (9th Cir. 1976)).

When a court imposes civil sanctions, "[g]enerally, the minimum sanction necessary to obtain compliance is to be imposed." Id. However, "the district court retains discretion to establish appropriate sanctions." United States v. Bright, 596 F.3d 683, 695-96 (9th Cir. 2010) (citing Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992)). "Given the remedial purpose of the sanction, a finding of contempt must be accompanied by conditions by which contempt may be purged, spelled out in either the original order or the contempt order." Id.

## DISCUSSION

### I. Attorneys' fees and costs for the second motion for contempt

In their second motion for contempt, Plaintiffs sought recovery of the reasonable attorneys' fees that they incurred in pursuing that motion. The Court took this issue under submission when ruling on the remainder of the motion and directed the parties to attempt to settle the issue. The parties have not represented to the Court that they have reached a resolution of this issue.

The Court finds that Plaintiffs are entitled to recover the reasonable attorneys' fees and costs that they incurred in bringing the motion for contempt. Within fourteen days of this order, Plaintiffs' counsel shall submit an application to the

8

1 Court documenting their reasonable attorneys' fees and costs
2 incurred in connection with the motion for contempt, and a
3 proposed order.  Defendants may file a response directed to the
4 amount only within seven days.  Plaintiffs may file a reply within
5 seven days.

II. Plaintiffs' third motion for contempt

7    In their motion, Plaintiffs argue that the version of the
8 label included in the amended status report violates paragraph one
9 of the modified preliminary injunction.  In their reply, they
10 argue that both the original and modified versions of the label
11 violate sections one and four of the injunction.

12    The Court finds that Plaintiffs have not shown by clear and
13 convincing evidence that disclosing on product labels that SESP is
14 the manufacturer violates the terms of the modified preliminary
15 injunction.  The injunction permits Defendants to identify SESP as
16 the manufacturer to the "minimum extent necessary as required by
17 law or ordinary business customs to operate within the United
18 States under the NBSolar name."  Defendants have presented
19 evidence that, in order to sell the products within the United
20 States under the NBSolar name, they need to disclose that SESP is
21 the ultimate manufacturer for a variety of reasons, including to
22 United States Customs and Border Patrol for payment of appropriate
23 tariffs and to allow customers to obtain financial incentives from
24 government agencies for installation of renewable energy sources.
25 Although Plaintiffs argue that Defendants could sell their
26 products in the United States under "a private label" or showing
27 only the acronym, Defendants have offered evidence that this would

9

1 not be feasible and would not comply with ordinary business
2 customs.

3 On its face, the original label violated paragraph one,
4 subsection C of the modified preliminary injunction. The name Sun
5 Earth Solar Power Co., Ltd. is pictured at the top of the label
6 separate from other text in a conspicuous way that draws attention
7 to it, which violates the clear terms of the injunction. However,
8 the modified version comports with the Court's direction that
9 these words, where they are required to be used, should not be set
10 out in a distinctive manner from the other portion of the text.
11 Because Defendants voluntarily came into compliance with the terms
12 of the injunction, civil sanctions are not required to coerce
13 compliance and could serve only punitive purposes, which are not
14 permitted for such sanctions. Thus, the Court declines to impose
15 these sanctions at this time for this violation.

16 Finally, Plaintiffs have not shown by clear and convincing
17 evidence that Defendants violated the terms of paragraph four of
18 the modified injunction. Although Plaintiffs appear to argue that
19 the labels that were affixed to the products themselves violated
20 this section, by its terms this provision in fact addresses what
21 may not be shown on the product packaging, not the labels. The
22 photographs in the record do not show that Defendants used the
23 words "Sun Earth" on the packaging.

24 Accordingly, Plaintiffs' third motion for contempt is denied.

## CONCLUSION

26 For the reasons set forth above, Plaintiffs' third motion to
27 hold Defendants in contempt for violation of the preliminary
28 injunction is DENIED (Docket No. 113).

10

The Court GRANTS Plaintiffs' request for reasonable attorneys' fees and costs incurred in bringing the motion for contempt that was granted on June 20, 2012 (Docket No. 90). Within fourteen days of this order, Plaintiffs' counsel shall submit an application to the Court documenting their reasonable attorneys' fees and costs incurred in connection with the motion for contempt, and a proposed order.  Defendants may file a response directed to the amount only within seven days. Plaintiffs may file a reply within seven days.

IT IS SO ORDERED.

Dated: 8/23/2013

CLAUDIA WILKEN
United States District Judge