IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNEARTH, INC.; and THE SOLARAY CORPORATION,<br><br>    Plaintiffs,<br><br>  v.<br><br>SUN EARTH SOLAR POWER CO., LTD.; NBSOLAR USA, INC.; and DOES 1-10,<br><br>    Defendants.<br>_____/ | No. C 11-4991 CW<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO ALTER JUDGMENT (Docket No. 175) |

On August 23, 2012, the Court issued findings of fact and conclusions of law and order resolving a motion for partial summary adjudication. Docket No. 163. The Court also awarded attorneys' fees in connection with Plaintiffs' second motion for contempt and denied fees in connection with Plaintiffs' third motion for contempt. Docket No. 162. Pursuant to Federal Rule of Civil Procedure 59(e), Plaintiffs timely moved to alter the judgment. Defendants opposed Plaintiffs' motion. Having considered the papers submitted by the parties, the Court GRANTS Plaintiffs' motion in part and DENIES it in part.

BACKGROUND

Because the facts of this case are described in sufficient detail in the Court's aforementioned findings of fact and conclusions of law and order resolving the motion for partial summary adjudication, they will not be repeated here. Relevant to the instant motion is that the Court issued a modified preliminary injunction on March 13, 2013 that ordered, "Defendants shall not

display the words 'SUN EARTH' in a distinctive manner of presentation that makes them stand out in any way from other words on the relevant document[.]" Docket No. 80 at 2. "[F]or goods branded as NBSolar rather than Sun Earth, Defendants shall be permitted to identify [Sun Earth Solar Power Co., Ltd.] . . . to the minimum extent necessary" as the manufacturer of their NBSolar brand solar panels. On July 5, 2012, Defendants filed a compliance report that included a photograph of their altered panel label. The label featured "Sun Earth" at the top of the text. On July 18, 2012, after the parties failed to reach a settlement at a court-ordered mediation, Defendants sent Plaintiffs a proposed redesign of a panel label that placed "Sun Earth Solar Power Co., Ltd." in one line at the bottom. Foster Dec., Ex. B, Docket No. 121-2. Six days later, on July 24, 2012, Plaintiffs filed a third contempt motion. Docket No. 113. Plaintiffs' primary contention was that both the original and modified versions of the label had violated the Court's modified injunction because it continued to identify "Sun Earth" on the label.

On August 23, 2013, the Court denied Plaintiffs' third motion for civil contempt on the grounds that the modified preliminary injunction permits Defendants to identify Sun Earth as the manufacturer to the "minimum extent necessary as required by law or ordinary business customs to operate within the United States under the NBSolar name." Docket No. 162 at 9 (citing Modified Preliminary Injunction, Docket No. 80). The Court reasoned that Defendants had presented evidence that they must "disclose that [Sun Earth] is the ultimate manufacturer for a variety of reasons,

2

including to United States Customs and Border Patrol for payment of appropriate tariffs and to allow customers to obtain financial incentives from government agencies for installation of renewable energy sources." Id. at 9. The Court also found that the original label violated the modified preliminary injunction because the name "Sun Earth Solar Power Co., Ltd." was pictured at the top of the label in a conspicuous manner. The Court found, however, that the modified version comports with the Court's direction that these words should not be set out in a distinctive manner from the other portion of the text. Because Defendants eventually modified the label without an order from the Court, the Court concluded that they "voluntarily came into compliance with the terms of the injunction[.]" Id. at 10. Declining to impose sanctions, the Court reasoned that "civil sanctions are not required to coerce compliance and could serve only punitive purposes, which are not permitted for such sanctions." Id.

Plaintiffs now seek entry of an order that (1) corrects the typographical error in the judgment that incorrectly refers to the domain name at issue as "sun-earth.us" rather than "sunearth.us"; (2) alters the judgment to order the United States Patent and Trademark Office (USPTO) to cancel Defendants' Trademark Registration No. 3,886,941; and (3) holds that Plaintiffs are entitled to recover attorneys' fees and costs in connection with bringing the third contempt motion.

LEGAL STANDARD

Rule 59(e) provides that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Rule 59(e) motions are

3

interpreted as motions for reconsideration, and are appropriate if the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Sch. Dist. No. 1J, Multnomah County, Oregon v. AcandS, Inc., 5 F. 3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration shall not "repeat any oral or written argument made by the applying party in support of or in opposition to the . . . order which the party now seeks to have reconsidered." Civil L.R. 7-9(c).

## DISCUSSION

1. Registration of the "sunearth.us" domain name

Plaintiffs request that the Court correct a typographical error in its judgment, in which the Court found Defendants to have improperly registered the domain name "sun-earth.us." Plaintiffs' motion is granted and the Court will change "sun-earth.us" to "sunearth.us" in its judgment and permanent injunction.

2. Cancellation of Defendants' Trademark Registration

In its findings of fact and conclusions of law, this Court ordered, "[B]ecause Defendants do not have a right to registration of this infringing mark, the Court orders the cancellation of Registration No. 3,886,941." Docket No. 163 at 43. Plaintiffs request that, in its judgment, the Court order cancellation of Defendants' registration. The Court will alter its judgment to order the cancellation of the trademark registration.

3. Attorneys' Fees

Plaintiffs request that the Court reconsider its denial of

4

attorneys' fees in connection with their third contempt motion. Plaintiffs make two arguments. First, Plaintiffs argue that the Court erred in reasoning that Defendants demonstrated "voluntary compliance" with the modified injunction, because Defendants did not comply until after Plaintiffs brought the third contempt motion. Second and relatedly, Plaintiffs argue that the Court failed to consider that civil sanctions may be employed "to compensate the complainant for losses sustained." Pls.' Mot. at 7 (citing United States v. United Mine Workers, 330 U.S. 258, 303-04 (1947)). Plaintiffs conclude that, "had the Court fully and properly considered the possibility of awarding fees for the purpose of compensating Plaintiffs for bringing the motion, rather than simply for the purposes of coercing or punishing Defendants," the Court would have granted Plaintiffs' attorneys' fees motion. Pls.' Mot. at 8.

The Court did not address the matter of compensation because Plaintiffs failed to demonstrate that they were entitled to it. As Defendants note, they sent Plaintiffs a proposed modified label and solicited suggestions from the Plaintiffs. Rather than respond to Defendants' solicitation, Plaintiffs filed the civil contempt motion six days later. Plaintiffs have not shown that their contempt motion was necessary to obtain Defendants' compliance. The Court therefore observed that Defendants "voluntarily came into compliance with the terms of the injunction[.]" A party's voluntary compliance diminishes the burden to the opposing party, obviating the need for compensation. Contrary to Plaintiffs' assertion, the Court did not hinge its

5

denial of attorneys' fees on the rationale that civil sanctions only serve the purpose of coercing or punishing Defendants.

Finally, Plaintiffs argue that reconsideration is justified because the Court held that Defendants' initial label had "[o]n its face" violated the modified injunction by placing the name "Sun Earth" in a conspicuous place. Violation of a court order alone, however, is not sufficient for a court to grant an order of contempt. Plaintiffs must also "prove by clear and convincing evidence that under a good faith, reasonable interpretation of the . . . order, [Defendant] did not substantially comply with the order." In re Dual-Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 696 (9th Cir. 1993).

Here, Plaintiffs' dominant and overarching argument in their third contempt motion was that Defendants' label had violated the modified preliminary injunction because it disclosed on the NBSolar product labels that Sun Earth was the manufacturer. The Court rejected Plaintiffs' argument and reiterated that Defendants' disclosure of Sun Earth as the ultimate manufacturer comports with law and ordinary business customs. Comparatively speaking, the issue of the location of "Sun Earth" on the label was minor. Plaintiffs have thus failed to prove by clear and convincing evidence that, under a good faith, reasonable interpretation of the order, Defendants did not substantially comply with the Court's modified preliminary injunction.

Plaintiffs have not demonstrated that the Court committed "clear error" or that "the initial decision was manifestly unjust." Sch. Dist. No. 1J, Multnomah County, Oregon, 5 F.3d at 1263. "Reconsideration of a judgment after its entry is an

6

extraordinary remedy which should be used sparingly." 11 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 2810.1 (4th ed. 2012).  Accordingly, the Court declines to reconsider its denial of Plaintiffs' motion for attorneys' fees in connection with their third contempt motion.

CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part Plaintiffs' motion to alter the judgment.

Dated: 11/22/2013

CLAUDIA WILKEN
United States District Judge