PAGES 1 - 21

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE CLAUDIA WILKEN, JUDGE

SUNEARTH, INC., ET AL.,          )
                                 )
                                 )
        PLAINTIFFS,              )        NO. C-11-4991 CW
                                 )
  VS.                            )        THURSDAY, JUNE 7, 2012
                                 )
SUN EARTH SOLAR POWER CO.        )        OAKLAND, CALIFORNIA
LIMITED, ET AL.,                 )
                                 )
        DEFENDANTS.              )
_____)


## REPORTER'S TRANSCRIPT OF PROCEEDINGS

**APPEARANCES:**

**FOR PLAINTIFFS:**          HAYS-SOLOWAY
                             4640 E. SKYLINE DRIVE
                             TUCSON, ARIZONA 85718
                    BY:  STEPHEN B. MOSIER, ESQUIRE


                             SEQUOIA COUNSEL PC
                             770 L STREET, SUITE 950
                             SACRAMENTO, CALIFORNIA 95814
                    BY:  DANIEL N. BALLARD, ESQUIRE


**FOR DEFENDANTS:**          WOLF, GREENFIELD & SACKS, P.C.
                             600 ATLANTIC AVENUE
                             BOSTON, MASSACHUSETTS 02210
                    BY:  JAMES J. FOSTER, ESQUIRE


**REPORTED BY:**             DIANE E. SKILLMAN, CSR 4909, RPR, FCRR
                             OFFICIAL COURT REPORTER

| | |
|---|---|
1   THURSDAY, JUNE 7, 2012                                2:54 P.M.

2                       P R O C E E D I N G S

3           **THE CLERK:**  CALLING C-11-4991 SUNEARTH, INC. ET AL.

4    VERSUS SUN EARTH SOLAR POWER COMPANY, LIMITED, ET AL.

5           PLEASE STEP FORWARD AND STATE YOUR APPEARANCES FOR

6    THE RECORD, PLEASE.

7           **MR. BALLARD:**  DAN BALLARD FOR PLAINTIFF SUNEARTH.

8           **MR. MOSIER:**  GOOD AFTERNOON, YOUR HONOR.  STEVE

9    MOSIER FOR PLAINTIFF SUNEARTH, INC. AND THE SOLARAY

10   CORPORATION.

11          **MR. FOSTER:**  GOOD AFTERNOON, YOUR HONOR.  JAMES

12   FOSTER FOR DEFENDANTS.

13          **THE COURT:**  GOOD AFTERNOON.

14          SO THIS IS ON FOR PLAINTIFFS' MOTION TO HOLD

15   DEFENDANTS IN CIVIL CONTEMPT AND ALSO PLAINTIFFS' MOTION, I

16   GUESS, TO STRIKE AFFIRMATIVE DEFENSES AND DEFENDANTS' REQUEST

17   TO HAVE A PRETRIAL CONFERENCE.

18          ON THE CONTEMPT ISSUE, IT DOES SEEM THAT AT LEAST IN

19   SOME WAYS THAT THE COURT'S ORDERS WERE VIOLATED.  THE WEBSITES,

20   FOR WHATEVER REASONS, DIDN'T DO WHAT THEY WERE SUPPOSED TO DO.

21   IT DOES APPEAR THAT THEY HAVE BEEN FIXED.

22          I DON'T THINK THAT THERE'S ANY SHOWING DAMAGES WITH

23   THE EXCEPTION OF PERHAPS ATTORNEYS' FEES.  I DON'T KNOW THAT

24   THERE'S ANY COERCIVE SANCTION THAT COULD BE IMPOSED AT THIS

25   POINT.  ONE CAN'T IMPOSE A DAMAGES SANCTION FOR PAST CONDUCT.

1    THAT WOULD BE CRIMINAL CONTEMPT, SO ONE COULD ONLY IMPOSE THE

2    COERCIVE SANCTION FOR FUTURE CONDUCT.  I SUPPOSE WE COULD TALK

3    ABOUT THAT.

4             THE MAGAZINE ISSUE, I THINK THAT A MAGAZINE THAT

5    ONE-FOURTH OF THE SUBSCRIPTIONS GO TO THE U.S. IS ADVERTISING

6    IN THE U.S.  SO, IT SEEMS TO ME THAT THE DEFENDANT NEEDED TO

7    EXPLORE WITH THE MAGAZINE WHETHER IT CAN DO SPECIAL VERSIONS AS

8    MAGAZINES AND NEWSPAPERS OFTEN DO THAT ARE AIMED AT CERTAIN

9    AUDIENCES.  AND IF THEY CAN'T, WELL THEN THAT JUST MAY BE TOO

10   BAD, THEY CAN'T USE THAT MAGAZINE.

11           **MR. FOSTER:**  YOUR HONOR, I HAD A SUGGESTION IN THE

12   PAPERS.  IF THEY CANNOT DO SPECIAL VERSIONS, CAN WE PUT THE

13   DISCLAIMER IN THE MAGAZINE THAT IN THE UNITED STATES IT'S NB

14   SOLAR, THE SAME THING THAT YOUR HONOR ORDERED FOR THE WEBSITE?

15           **THE COURT:**  NO.  I MEAN, I AM NOT GOING TO SAY THAT

16   IN THE COURSE OF THIS PROCEEDING.

17           **MR. FOSTER:**  ALL RIGHT.

18           **THE COURT:**  AND I AM CONCERNED ABOUT THE ALLEGATIONS

19   THAT THESE THINGS WERE -- THIS IS PART OF WHAT I DO THINK IS

20   VIOLATION OF THE COURT'S ORDER, THE FACT THAT THESE

21   ADVERTISEMENTS OCCURRED IN, WAS IT WHAT, FEBRUARY AND MARCH,

22   AND THE DEFENDANT SAID, OH, BUT WE BOUGHT THESE LAST DECEMBER.

23           WELL, MAYBE SO, BUT THEY DON'T SAY AND THEN WE WENT

24   TO THEM AND TRIED TO GET THEM PULLED AND WE WERE TOLD IT WAS

25   TOO LATE TO PULL THEM.  AND WE OFFERED TO PAY LARGE SUMS OF

1    MONEY AND THEY STILL SAID, NO, WE CAN'T PULL THEM.  THEN THEY

2    END UP IN THERE AGAIN IN APRIL WITH NO EXPLANATION -- THAT CAME

3    UP IN THE REPLY, BUT I HAVEN'T HEARD ANY EXPLANATION OF HOW

4    THEY ENDED UP IN THERE IN APRIL AGAIN.

5         **MR. FOSTER:**  I THINK IT'S JUST THEY ALL REGARD THIS

6    AS EUROPEAN ADVERTISING BECAUSE THEY DIDN'T ADVERTISE IN THE

7    UNITED STATES PUBLICATION.  AND WHEN THIS ISSUE WAS RAISED IN

8    THE PAPERS BY THE PLAINTIFFS, THEN WE BROUGHT IT TO THE COURT'S

9    ATTENTION TO CLARIFY THIS, WHETHER WE CAN DO THIS OR NOT

10   BECAUSE IT'S PRIMARILY EUROPEAN.

11        I UNDERSTAND YOUR HONOR SAYS NOW THAT YOU DON'T WANT

12   US TO DO THAT UNLESS WE CAN GET A SPECIAL EDITION, AND WE WILL

13   TAKE IT UP WITH THE MAGAZINE.

14        **THE COURT:**  OKAY.

15        AGAIN, THERE DON'T SEEM TO BE ANY DAMAGES THAT ONE

16   COULD AWARD OTHER THAN POSSIBLY ATTORNEYS' FEES.  THERE DON'T

17   SEEM -- I MEAN, I GUESS I COULD AWARD A COERCIVE SANCTION EVERY

18   TIME IT APPEARS IN THERE AGAIN IT'S $5,000 OR WHATEVER --

19        **MR. FOSTER:**  IT WON'T.  IT WON'T.

20        **THE COURT:**  OKAY.

21        THE REPORT IS INADEQUATE.  IT NEEDS TO HAVE MORE IN

22   IT.

23        **MR. FOSTER:**  I AM HAPPY TO DO THAT, YOUR HONOR.  WE

24   DID LIST EVERYTHING WE DID.  THAT'S WHY I WAS A LITTLE BIT

25   PUZZLED --

1          **THE COURT:**  I THINK THE QUESTIONS THAT YOU WERE

2    ASKED WERE WELL-TAKEN.

3          **MR. FOSTER:**  ALL RIGHT.

4          **THE COURT:**  AND THEY SHOULD HAVE BEEN ANSWERED.  AND

5    ONE COULD GO DOWN THE ORDER OF WHAT ONE WAS TOLD TO DO AND SAY,

6    LINE 1 SAID WE SHOULD DO THIS, AND HERE'S WHAT WE DID.  LINE 2

7    SAID WE SHOULD DO THAT, AND HERE'S WHAT WE DID; NOT A SORT OF

8    CONCLUSORY THING THAT, OH, WE DID EVERYTHING WE WERE SUPPOSED

9    TO.  WELL, HOW DO WE KNOW THAT YOU'RE INTERPRETING WHAT YOU'RE

10   SUPPOSED TO IN THE SAME WAY THAT WE ARE IF YOU DON'T ADDRESS

11   EACH ITEM AND SAY THIS TELLS US TO DO THIS, BUT WE NEVER WERE

12   DOING OTHERWISE, SO WE CONTINUED TO DO WHAT WE HAVE ALWAYS

13   DONE, WHICH WAS X, Y AND Z.  JUST A MORE COMPLETE --

14         **MR. FOSTER:**  UNDERSTOOD.  WE CAN CLARIFY.

15         **THE COURT:**  -- STATEMENT AND NOT A SORT OF NEGATIVE

16   PREGNANT STATEMENT, WHERE YOU DON'T REALLY KNOW WHETHER YOU'RE

17   SAYING -- MAKING REPRESENTATION OR NOT MAKING REPRESENTATION

18   BECAUSE YOU DON'T ADDRESS IT ONE WAY OR THE OTHER.

19         **MR. FOSTER:**  UNDERSTOOD.

20         **THE COURT:**  ONE COULD USE SUCH A METHODOLOGY TO

21   EVADE ANSWERING.  AND I AM NOT SAYING YOU WERE, BUT ONE COULD.

22         **MR. FOSTER:**  OKAY.

23         **THE COURT:**  SO, I DON'T KNOW IF WE HAVE ANY OTHER

24   POINTS.

25         I MEAN, I GUESS IF YOU WANT TO PICK A NUMBER OF WHAT

1    COERCIVE SANCTION WOULD BE APPLIED IF -- DO WE NEED ANOTHER

2    REPORT?  OR WHAT ARE YOU SEEING IN THE FUTURE AS SOME SORT OF

3    COERCIVE SANCTION THAT YOU WANT?  IF YOU DON'T DO "X", YOU PAY

4    A THOUSAND DOLLARS A DAY, OR WHATEVER.

5           **MR. MOSIER:**  YOUR HONOR, THAT, FRANKLY, IS NOT

6    IMPORTANT TO US.

7           WE DO BELIEVE THAT WE DO NEED A FULLY COMPLIANT

8    COMPLIANCE REPORT.  WE THINK THAT WOULD BE EXTREMELY HELPFUL.

9           IF THERE ARE, YOU KNOW, POINTS OF WHAT WE PERCEIVE

10   TO BE AMBIGUITY IN THE COMPLIANCE REPORT, WE WOULD ASK THAT

11   THEY BE ADDRESSED.

12          THE POINT OF THE COMPLIANCE REPORT WAS TO HAVE A

13   CATEGORICAL STATEMENT UNDER OATH, SWORN STATEMENT FROM THE

14   DEFENDANTS AS TO WHAT THEY DID AND, FRANKLY, IN SOME INSTANCES

15   WHAT THEY DIDN'T DO, AND THAT COMPLIANCE REPORT, WE BELIEVE,

16   SHOULD BE FROM FEBRUARY, I BELIEVE IT WAS THE 19TH, WHICH WAS

17   THE DATE THAT THE PRELIMINARY ORDER WENT INTO EFFECT, AND IT

18   SHOULD COVER THE TIME PERIOD FROM FEBRUARY 19TH UNTIL THE

19   MODIFIED PRELIMINARY INJUNCTION ORDER.  AND IT SHOULD STATE

20   WHETHER OR NOT THERE WERE ANY SALES WITHIN THE UNITED STATES

21   DURING THAT TIME PERIOD OF INFRINGING PRODUCT.  AND WE THINK

22   THAT THAT'S THE CORE OF THE PURPOSE OF THE COMPLIANCE REPORT,

23   AND TO HAVE SOMEBODY ACTUALLY TAKE RESPONSIBILITY FOR IT.

24          WE DON'T THINK --

25          **THE COURT:**  WAS THAT JUST A ONE-SHOT DEAL OR IS IT A

1   REGULAR THING THAT THEY ARE SUPPOSED TO BE DOING?

2           **MR. MOSIER:**  AS IT WAS WRITTEN PURSUANT TO OUR

3   REQUEST, IT WAS A ONE-SHOT DEAL.

4           **THE COURT:**  SO YOU THINK THEY NEED TO DO IT AGAIN?

5           **MR. MOSIER:**  RIGHT.  RIGHT.

6           **THE COURT:**  BUT, AGAIN, AS A ONE-SHOT DEAL?

7           **MR. FOSTER:**  WE COULD DO THAT, YOUR HONOR.  I MIGHT

8   MENTION THAT MY CLIENT IS BEING DEPOSED NEXT WEEK.

9           **MR. MOSIER:**  RIGHT.

10          **MR. FOSTER:**  YOU COULD TAKE UP THE ISSUES IN THE

11  DEPOSITION TO COVER THAT.

12          **MR. MOSIER:**  WE COULD EXCEPT THE SUBJECTS AND ISSUES

13  DOESN'T REALLY COVER THAT FOR EITHER DEFENDANT.

14          WE CERTAINLY COULD DO THAT AND WE INTEND TO EXPLORE

15  IT, BUT WE STILL THINK IT WOULD BE USEFUL TO HAVE A FULLY

16  COMPLIANT COMPLIANCE REPORT.

17          **THE COURT:**  IT MIGHT BETTER TO DO THE REPORT BEFORE

18  THE DEPOSITION.

19          **MR. MOSIER:**  YES.

20          **THE COURT:**  THEN IF THEY HAD QUESTIONS THAT YOU

21  HADN'T FORESEEN OR ANTICIPATED, THEY COULD BE ASKED ON THE

22  SPOT, WE WOULDN'T BE HAVING A LOT OF BACK AND FORTH ABOUT IT.

23          **MR. FOSTER:**  WE WILL CERTAINLY TRY, ALTHOUGH THE

24  WITNESS IS CURRENTLY FLYING HERE FROM CHINA.  BUT WE WILL TRY

25  AND WORK IT OUT OVER THE WEEKEND.

1          **THE COURT:**  DO THE BEST YOU CAN.  WRITE UP

2     EVERYTHING THAT YOU'RE ABLE TO WRITE UP AND GIVE IT TO HIM

3     BEFORE THE DEPOSITION.  AND THINGS YOU DON'T KNOW, JUST SAY I

4     DON'T KNOW FOR SURE YET WHAT WE DID ABOUT THIS LINE, WE WILL

5     HAVE TO LET YOU KNOW LATER, BUT AT LEAST DO A PARTIAL ONE.

6          **MR. FOSTER:**  THE WITNESS WAS BEING PREPARED TO

7     ACTUALLY ANSWER ALL THOSE QUESTIONS, MR. MOSIER, BUT WE WILL

8     TAKE YOUR HONOR'S SUGGESTION.

9          **MR. MOSIER:**  THAT'S GOOD.

10         **THE COURT:**  OKAY.

11         THEN TURNING TO THE PROPOSED AFFIRMATIVE DEFENSE,

12    THE DEFENDANT HAS PROPOSED A DIFFERENT ONE THAN THE ONE THAT

13    YOU FIRST OBJECTED TO.  AND YOUR OBJECTION TO THE DIFFERENT ONE

14    IS THAT IT'S -- THE COURT HAD SORT OF SAID THAT THERE WAS A

15    LIKELIHOOD THAT THEY WOULD NOT PREVAIL ON THAT POINT.

16         BUT YOU HAVE TO UNDERSTAND THAT THE PRELIMINARY

17    INJUNCTION ORDER IS JUST THAT, IT'S NOT A SUMMARY JUDGMENT

18    ORDER, IT'S A PRELIMINARY INJUNCTION ORDER, WHICH SAYS NOT

19    LIKELY TO PREVAIL.

20         NOW THAT MIGHT BE DISCOURAGING, BUT IT DOESN'T MEAN

21    THAT IT'S NOT -- HE CAN'T STATE A CLAIM AND IT DOESN'T MEAN HE

22    CAN'T CONCEIVABLY WIN ON IT IF THINGS GO DIFFERENTLY.  ON THE

23    OTHER HAND, I DON'T KNOW IF ANY OF THE POINTS THEY MADE MIGHT

24    LEAD YOU TO THINK YOU SHOULD MODIFY THE PROPOSED AMENDED

25    INJUNCTION.  I WILL LET YOU FILE THE ONE YOU'VE SUBMITTED, IF

1   YOU WANT TO.  OR, IF YOU WOULD LIKE TO BEEF IT UP OR CHANGE IT

2   IN SOME WAY AND FILE A DIFFERENT OR BETTER ONE IN A WEEK, YOU

3   CAN DO THAT INSTEAD.

4           **MR. FOSTER:**  WE WILL TAKE A LOOK, YOUR HONOR, AND

5   DECIDE AS YOU REQUESTED US TO DO.

6           **THE COURT:**  OKAY.

7           AND THEN IN TERMS OF ASKING FOR A PRETRIAL

8   CONFERENCE, WHAT WE ARE REALLY TALKING ABOUT HERE IS WHY CAN'T

9   THIS CASE BEING SETTLED.

10          I DON'T NEED AN INVITATION TO ASK THE PARTIES AT ANY

11  TIME WHY THE CASE CAN'T BE SETTLED.  SO I WILL ASK YOU NOW, WHY

12  THE CASE CAN'T BE SETTLED.

13          IT SEEMS TO ME THAT THE DEFENDANT IS SAYING WE ARE

14  BASICALLY WILLING TO GIVE YOU EVERYTHING WE THOUGHT YOU WANTED,

15  AND YOU JUST WANT MORE MONEY.  AND -- BUT THAT HAPPENS.  I

16  MEAN, A LOT OF TIMES DEFENDANTS ARE WILLING TO DO WHAT'S ASKED

17  OF THEM, BUT THE PLAINTIFF WANTS MORE MONEY THAN THEY WANT TO

18  PAY.

19          SO YOUR CHOICES ARE TO PAY MORE MONEY OR PERHAPS TO

20  PERSUADE THEM THAT YOU CAN'T PAY MORE MONEY.  YOU ARE GOING TO

21  HAVE A PROBLEM GIVEN THE REPRESENTATIONS THAT WERE MADE ABOUT

22  HOW BIG THE COMPANY WAS, BUT IF YOU ARE SAYING WE CAN'T AFFORD

23  TO PAY THE KIND OF MONEY YOU WANT, YOU NEED TO BE IN A POSITION

24  TO PROVE TO THEM THAT THAT'S TRUE.  BECAUSE PLAINTIFFS NEVER

25  BELIEVE DEFENDANTS WHEN THEY SAY WE CAN'T PAY AS MUCH AS YOU

1    WANT.

2            OR, THIRDLY, YOU MAY THINK YOU SHOULDN'T HAVE TO PAY

3    AS MUCH AS THEY WANT BECAUSE THEIR CASE ISN'T AS GOOD AS THEY

4    THINK IT IS.  IF THAT'S THE CASE, IT'S KIND OF INSOLUBLE AND

5    THEN ALL YOU CAN DO IS PRESS ON IN LITIGATION AND SEE WHO'S

6    RIGHT ABOUT IT.

7            ON THE OTHER HAND, YOU SAY THAT WHAT YOU'VE GOT SO

8    FAR ISN'T WHAT YOU WANT, YOU WANT MORE THAN THAT.  I SUPPOSE IF

9    THAT'S TRUE, YOU SHOULD WRITE OUT WHAT IT IS THAT YOU WANT AND

10   SAY HERE'S THE MODIFIED, MODIFIED PERMANENT INJUNCTION THAT WE

11   WOULD WANT IF WE WERE GOING TO SETTLE.  AND YOU SHOULD ALSO

12   CONSIDER THE MONEY SITUATION.

13           AND, AGAIN, IF THEY ARE TELLING YOU WE CAN'T AFFORD

14   ANY MORE, THEN MAKE THEM PROVE IT TO YOU.  IF YOU JUST THINK

15   THEY AREN'T OFFERING MORE BECAUSE THEY DON'T THINK YOUR CASE IS

16   AS STRONG AS YOU THINK IT IS, THEN YOU NEED TO ASSESS THAT AND

17   SEE IF YOU CAN PERSUADE EACH OTHER THAT IT IS.

18           BUT FAILING THAT, YOU HAVE TO LITIGATE IT.

19           **MR. FOSTER:**  WE UNDERSTAND THAT THE COURT'S ALWAYS

20   IN THE POSITION THAT IF THE PARTIES CAN'T REACH AN AGREEMENT,

21   THEY HAVE TO GO AHEAD AND LITIGATE IT.

22           I THINK THE STICKY POINT HERE WAS THAT -- WHAT'S

23   DIFFERENT ABOUT THIS CASE, YOUR HONOR, IS THAT YOU HAVE EXPRESS

24   VIEWS ON ALL OF THE ISSUES SO FAR, AND MANY AGAINST US AND TO A

25   LIMITED EXTENT AGAINST WHAT MR. MOSIER'S -- AND WHAT WE ARE

1   TRYING TO DO IS GET -- SINCE THE COURT IS -- AND IT'S NONJURY.

2          SO THE COURT HAS SET FORTH THE COURT'S VIEWS.  WE'RE

3   JUST TRYING TO AVOID SOME WAY OF SPENDING A LOT OF MONEY WITH

4   BOTH SIDES TRYING TO CHANGE WHAT THE COURT'S DECISION IS.

5   THAT'S WHY I SAY, IF THERE'S SOME WAY, EITHER -- IF NOT YOUR

6   HONOR'S SELF, MAGISTRATE JUDGE, SOMEBODY GET THE PARTIES

7   TOGETHER SO WE DON'T SPEND A LOT OF MONEY TRYING TO CHANGE THE

8   LEGAL ISSUES.

9          **THE COURT:**  I HAVEN'T SEEN WHAT IT IS THEY THINK

10  THEY CAN DO BETTER ON.  SO, I MEAN, I WOULD BE WILLING TO RULE

11  ON IT QUICKLY, IF THAT WOULD HELP.

12          IF YOU WANT TO MAKE SOME PROPOSAL OF WHAT YOU THINK

13  YOU WANT THAT'S BETTER THAN WHAT YOU'VE GOT AND SHOW IT TO THEM

14  AND YOU AGREE TO ANY OF IT THAT YOU CAN AGREE TO IT, SUBMIT IT

15  TO ME IN THE FORM OF A MOTION TO MODIFY THE PRELIMINARY

16  INJUNCTION, I SUPPOSE WE COULD DO IT THAT WAY.

17          **MR. FOSTER:**  THAT MAY BE VERY HELPFUL.

18          **THE COURT:**  OTHERWISE WE CAN JUST GO TO TRIAL OR YOU

19  CAN SETTLE IT.

20          WHAT HAVE YOU DONE SO FAR TO TRY TO SETTLE IT?

21          **MR. MOSIER:**  WE HAD A FULL DAY MEDIATION.

22  MR. AFSHARI --

23          **THE COURT:**  WHO IS THAT?  I DON'T KNOW THAT PERSON.

24          **MR. MOSIER:**  HE'S A VERY FINE LAWYER, VERY

25  KNOWLEDGEABLE IN THE TRADEMARK AREA.

1          **THE COURT:**  FROM WHERE?  FROM HERE?

2          **MR. BALLARD:**  SAN FRANCISCO.

3          **THE COURT:**  SO YOU SPENT A DAY WITH HIM AND YOU

4     WEREN'T ABLE TO REACH ANY AGREEMENT ON EITHER WHAT THE TERMS OF

5     THE INJUNCTION SHOULD BE OR ON WHAT THE AMOUNT OF ATTORNEY'S

6     FEES AND SO ON SHOULD BE?

7          **MR. MOSIER:**  THAT'S CORRECT, AND WE WERE NOT CLOSE,

8     YOUR HONOR.

9          **THE COURT:**  OKAY.  WELL, I CAN'T GET INVOLVED IN THE

10    MONEY.  I DON'T KNOW WHAT ELSE I CAN SUGGEST.

11         YOU COULD GO BACK TO HIM.  IF YOU FEEL LIKE THERE

12    WAS SOMETHING THAT HE DIDN'T KNOW OR THAT HAS CHANGED SINCE, OR

13    MAYBE HE JUST WASN'T -- SOMEONE DIDN'T TRUST HIM OR THINK HIS

14    VIEWS WERE CORRECT, OR MAYBE HE WASN'T DIRECTIVE ENOUGH, IF

15    YOU'D LIKE TO GO TO SOMEBODY ELSE, I WOULD BE HAPPY TO SEND YOU

16    TO SOMEONE ELSE.  I COULD SEND YOU TO A MAGISTRATE JUDGE IF YOU

17    THINK THAT WOULD HELP.

18         **MR. FOSTER:**  IF I MIGHT, YOUR HONOR.

19         IT'S NOT THE MONEY.  I THINK IF IT'S JUST THE MONEY,

20    IF THE PARTIES CAN'T AGREE ON THE MONEY, THE CASE GETS TRIED.

21    I UNDERSTAND THAT.  IT'S THE NONMONEY ISSUE.

22         I THINK YOUR HONOR'S SUGGESTION THAT IF THEY WANT TO

23    RAISE THE ISSUE AND YOUR HONOR CAN DEAL WITH IT, I THINK THAT

24    WOULD DO A LOT TO GET THE CASE SETTLED.

25         **THE COURT:**  OKAY.  DO YOU WANT TO GO TO A MAGISTRATE

1  JUDGE?  YOU WANT TO GO BACK TO MR. AFGAR (SIC)?

2          **MR. FOSTER:**  THERE'S TWO POSSIBILITIES, YOUR HONOR,

3  AND MR. MOSIER MAY AGREE.

4          FIRST IS TO PICK UP THE SUGGESTION YOUR HONOR MADE

5  THAT THEY COULD FILE A MOTION TO ASK FOR THE RELIEF THAT THEY

6  DIDN'T GET FROM THE COURT.

7          THE OTHER SUGGESTION, WHICH IS NOT MUTUALLY

8  EXCLUSIVE, IS THAT THE MATTER GOES TO ONE OF THE MAGISTRATE

9  JUDGES WHO -- YOUR HONOR WOULD KNOW THE BEST ONES ARE TO SETTLE

10  CASES.

11          **MR. MOSIER:**  WE DON'T -- FRANKLY, WE DON'T BELIEVE

12  THAT WE HAVE OCCASION OR REASON TO WANT TO SEEK TO MODIFY THE

13  PRELIMINARY INJUNCTION, THE ONE THAT IS CURRENTLY IN EFFECT.

14          WE BELIEVE THAT THAT ORDER WAS AN ORDER ENTERED IN

15  ORDER TO PRESERVE THE STATUS QUO, ALL FACTORS CONSIDERED, AND

16  WE HAVE NO REASON -- IF WE FRANKLY DISAGREED WITH THAT ORDER TO

17  ACHIEVE THAT PURPOSE, WE, FRANKLY, WOULD HAVE APPEALED IT.  WE

18  DIDN'T.  WE THINK --

19          **THE COURT:**  WHAT DO YOU WANT FOR YOUR FINAL ORDER

20  THEN?  WHAT IS IT THAT -- WHAT DO YOU WANT THAT YOU DON'T HAVE

21  BESIDES MORE MONEY?

22          **MR. MOSIER:**  WELL, THERE'S FOUR PRINCIPAL FORMS OF

23  RELIEF THAT WE ARE SEEKING.  APART FROM THE SPECIFIC TERMS OF

24  THE FINAL PRELIMINARY INJUNCTION ORDER, THERE'S A

25  CYBERSQUATTING CLAIM THAT RELATES TO THE WEBSITES.  THAT'S VERY

```
 1    IMPORTANT TO US ULTIMATELY.  WE WANT --

 2            THE COURT:  DO YOU WANT MONEY FOR IT OR HAVING SOME

 3    CHANGE MADE?

 4            MR. MOSIER:  NO.  WE, FRANKLY, WANT THE SUN EARTH

 5    WEBSITES TO BE TRANSFERRED TO MY CLIENTS.  WE THINK UNDER THESE

 6    CIRCUMSTANCES THAT'S ENTIRELY APPROPRIATE, THAT'S PERMISSIBLE,

 7    AND A FREQUENT FORM OF REMEDY GRANTED FOR CYBERSQUATTING.  WE

 8    THINK THAT THAT'S PERFECTLY APPLICABLE HERE FOR A NUMBER OF

 9    REASONS.

10            THAT ISSUE IS NOT -- WAS NOT -- HAS NEVER BEEN FULLY

11    BRIEFED, FRANKLY, BUT THAT'S A SIGNIFICANT PART OF THE CASE.

12            THE COURT:  YOU TALKED ABOUT IT IN THE SETTLEMENT

13    CONFERENCE YOU HAD WITH THIS GENTLEMAN?

14            MR. MOSIER:  YEAH.  AND WE ARE NOWHERE CLOSE ON

15    THAT.

16            ATTORNEYS' FEES IS A SIGNIFICANT ISSUE IN THIS CASE.

17            THE UNJUST ENRICHMENT CLAIM IS A VERY SIGNIFICANT

18    ISSUE IN THIS CASE BASED ON ALL THINGS CONSIDERED, EVERYTHING

19    THAT WE KNOW, AS WE SIT HERE TODAY, THE UNJUST ENRICHMENT CLAIM

20    IS A VERY SIGNIFICANT ISSUE IN THE CASE.

21            THE COURT:  MEANING YOU WANT MONEY FROM THEM THAT

22    THEY -- YOU WANT DAMAGES, ESSENTIALLY.

23            MR. MOSIER:  YES.

24            THE COURT:  YOU WANT DAMAGES, YOU WANT ATTORNEYS'

25    FEES, YOU WANT THEIR WEBSITE, AND YOU WANT SOME UNSPECIFIED
```

1    CHANGES IN THE PERMANENT INJUNCTION.

2              **MR. MOSIER:**  SPECIFICALLY WE WOULD -- WE BELIEVE

3    THAT THE APPROPRIATE REMEDY UNDER THE LANHAM ACT, UNDER THE

4    FACTS AND CIRCUMSTANCES OF THIS CASE, SHOULD INCLUDE

5    DISCONTINUATION OF THE NAME -- OF THE USE OF THE NAME AND MARK

6    BY THE DEFENDANT IN THE UNITED STATES.  THAT'S WHAT WE BELIEVE

7    ULTIMATELY.

8              **THE COURT:**  IT IS KIND OF IN THERE ALREADY, ISN'T

9    IT?

10             **MR. MOSIER:**  THERE IS SOME EXCEPTIONS, BUT TO SOME

11   EXTENT DO -- WELL, UNDER THE TERMS OF THE ORDER, AS MODIFIED

12   PRELIMINARY INJUNCTION ORDER, THERE IS AN EXCEPTION PERMITTING

13   THE USE OF THE TRADE NAME QUOTE "TO THE MINIMUM EXTENT

14   NECESSARY" END QUOTE IN THE ORDINARY COURSE OF BUSINESS.  SO --

15             **THE COURT:**  I WAS JUST TRYING TO MAKE SURE THEY

16   COULD SEND OUT THEIR BILLS OR THEIR CUSTOMS FORMS.

17             **MR. MOSIER:**  WELL, WE BELIEVE THAT --

18             **THE COURT:**  THAT'S GOING TO BE A TERMINATING MATTER.

19   EVENTUALLY THEY WON'T HAVE ANY BILLS OR CUSTOMS FORMS IN THAT

20   NAME.  BUT TO THE EXTENT THEY SHIP SOMETHING IN THAT NAME AND

21   THEY WON'T BE ABLE TO GET IT THROUGH CUSTOMS UNLESS THEY

22   IDENTIFY IT WITH THAT NAME, IT DIDN'T SEEM APPROPRIATE TO NOT

23   LET THEM DO THAT.

24             **MR. MOSIER:**  THAT'S WHY WE, FRANKLY, DIDN'T APPEAL

25   YOUR HONOR'S MODIFIED PRELIMINARY INJUNCTION ORDER.  IF THE USE

1    OF THE NAME IN THE UNITED STATES COMES TO AN END, THEN THAT'S

2    WHAT WE ANTICIPATE, FRANKLY.  AND IF THAT'S GOING TO HAPPEN,

3    THAT'S FINE.

4             BUT THE TERMINOLOGY IN THE MODIFIED PRELIMINARY

5    INJUNCTION ORDER, TO THE EXTENT THAT IT COULD BE READ AS

6    PERMITTING THE CONTINUED USE OF THE TRADE NAME SUN EARTH INTO

7    THE FUTURE, WE BELIEVE WOULD NOT BE AN APPROPRIATE FINAL

8    INJUNCTION REMEDY EVEN THOUGH IT'S A PERFECTLY APPROPRIATE

9    PRELIMINARY INJUNCTION REMEDY.

10            **THE COURT:**  WHY DON'T YOU WRITE UP THE FINAL

11   INJUNCTION YOU THINK YOU OUGHT TO HAVE, HEEDING AS CLOSELY AS

12   YOU CAN TO THE PRELIMINARY INJUNCTION WITH A RED LINE VERSION

13   SO I KNOW WHAT YOU DID DIFFERENTLY, GIVE IT TO THE OPPOSING

14   COUNSEL AND SEE IF THEY'LL AGREE TO ANY OF IT.  IF THEY WON'T,

15   SEE HOW FAR APART YOU ARE.

16            AND YOU CAN AT LEAST SUBMIT THAT TO ME WITH SOME

17   BRIEFING, PERHAPS, AND THEN YOU WOULD HAVE ONLY THE PROBLEM OF

18   THE ATTORNEYS' FEES, THE DAMAGES, AND THE WEBSITE.

19            I AM NOT REALLY CLEAR ON WHY YOU WANT THE WEBSITE SO

20   BADLY IF YOU'VE GOT THIS CHOICE THING THAT PEOPLE WILL GO TO

21   YOU, BUT ON THE OTHER HAND, ONCE THAT'S SORT OF PASSED BY IN A

22   YEAR OR SO, I AM NOT SURE WHY YOU WOULD CARE NOT TO HAVE THE

23   SUN EARTH WEBSITE ANY MORE.  AFTER A YEAR OF PEOPLE GETTING

24   THEIR CHOICE PAGE, THEY WILL CATCH ON WHAT YOUR NAME IS AND

25   THEY WON'T BE GOING TO THAT CHOICE PAGE ANYMORE, AND THEN YOU

1    WON'T NEED THAT WEBSITE ANYMORE, IN WHICH CASE YOU CAN GIVE IT

2    UP, I SHOULD THINK.

3          **MR. FOSTER:**  WE WILL LOOK AT THAT.  BUT I THINK WE

4    ARE GETTING CLOSE.

5          IF MR. MOSIER GIVES ME THIS LANGUAGE, WE WILL TAKE A

6    LOOK AT IT.  WHAT HAPPENED BEFORE WAS, WHAT HE WAS LOOKING FOR

7    WAS SOMETHING JUST TO WIPE OUT ALL OF THE MODIFICATIONS THE

8    COURT HAD MADE IN THE MODIFIED ORDER.  SO I WILL LOOK AT IT.

9          **THE COURT:**  OKAY.

10         SO YOU WILL WRITE SOMETHING UP AND GIVE IT TO HIM IN

11   WHAT, A WEEK?

12         **MR. MOSIER:**  I'M GOING TO BE IN DEPOSITIONS ALL NEXT

13   WEEK.

14         **THE COURT:**  TWO WEEKS?

15         **MR. MOSIER:**  CERTAINLY WITHIN TWO WEEKS.

16         **THE COURT:**  OKAY.

17         AND YOU WILL GET BACK TO HIM A WEEK AFTER THAT WITH

18   THE THINGS THAT YOU COULD LIVE WITH?

19         **MR. FOSTER:**  YES, YOUR HONOR.

20         **MR. BALLARD:**  THIS IS DAN BALLARD FOR PLAINTIFF.

21         CAN I JUMP IN HERE JUST FOR A SECOND?  I'VE GOT A

22   SUGGESTION.

23         **THE COURT:**  OKAY.

24         **MR. BALLARD:**  IT'S SOMETHING EVERYBODY IS BEING

25   CREATIVE HERE ABOUT WHAT TO DO.  I HAD A SUGGESTION.

1          IF DEFENDANTS ADMIT LIABILITY AND THE ONLY ISSUE IS

2    CHARACTERIZING THOSE FOUR SUBSETS OF REMEDIES, THEN PERHAPS WE

3    CAN JUST HAVE BRIEFING ON THE REMEDIES?

4          **MR. FOSTER:**  WE DON'T ADMIT LIABILITY.  QUITE THE

5    CONTRARY.  BUT WE SAID IT'S JUST NOT WORTH THE MONEY.  WE ARE

6    WILLING TO GO WITH NB SOLAR MOVING FORWARD.  WE HAVE ALREADY

7    DONE THAT.

8          **THE COURT:**  YEAH.  THE POINT IS THEY HAVE AGREED TO

9    A PERMANENT INJUNCTION OF ONE FORM OR ANOTHER.  IF YOU CAN

10   AGREE ON WHAT IT SHOULD SAY, THEN YOU WOULDN'T HAVE TO FIGHT

11   ABOUT WHAT IT SHOULD SAY.

12         YOU WOULD HAVE TO SETTLE THE ISSUE OF ATTORNEYS'

13   FEES AND DAMAGES AND THE WEBSITE.  AND IF YOU COULDN'T SETTLE

14   THOSE, THEN YOU WOULD HAVE TO TRY WHETHER THOSE THINGS --

15   BECAUSE LIKE HE SAYS, HE'S NOT ADMITTING LIABILITY, HE'S JUST

16   AGREEING TO THE INJUNCTIVE RELIEF THAT YOU WANT.

17         SO THE OTHER THINGS ARE GOING TO HAVE TO EITHER BE

18   SETTLED OR TRIED.

19         **MR. BALLARD:**  THANK YOU, YOUR HONOR.

20         **MR. FOSTER:**  THANK YOU, YOUR HONOR.

21         **THE COURT:**  OKAY.

22         **MR. MOSIER:**  THANK YOU, YOUR HONOR.

23         **THE COURT:**  MEANWHILE, WHAT HAVE YOU GOT -- YOU'VE

24   GOT A DATE FOR SOMETHING COMING --

25         **THE CLERK:**  FURTHER CASE MANAGEMENT AND DISPOSITIVE

```
1    MOTION, PRETRIAL, AND COURT TRIAL DATES ALL SET.

2              THE COURT:  WHEN IS THE DISPOSITIVE MOTION CUTOFF?

3              THE CLERK:  THE HEARING DATE IS AUGUST 30TH.

4              THE COURT:  OKAY.

5         WELL, IF YOU WANT TO TRY AND DO IT WITHOUT A

6    DISPOSITIVE MOTION, YOU SHOULD GET THIS LITTLE BACK AND FORTH

7    THING ABOUT THE PRELIMINARY INJUNCTION DONE QUITE SOON.

8    BECAUSE YOUR BRIEF IS GOING TO BE DUE SOON.

9         IF YOU ARE MAKING PROGRESS, YOU COULD PUT THAT DATE

10   OVER BECAUSE IT'S GOING TO COST YOU A LOT OF MONEY, I PRESUME,

11   TO WRITE UP ALL THESE SUMMARY JUDGMENT MOTIONS.  IF YOU THINK

12   YOU MIGHT BE ABLE TO AVOID THAT, YOU MIGHT PUT IT OVER.

13        WHY DON'T I REFER YOU TO A MAGISTRATE JUDGE ALSO?

14   ALTHOUGH I WOULD LIKE YOU TO TRY THIS RED-LINING EXERCISE

15   FIRST, BUT I WILL REFER YOU TO A MAGISTRATE JUDGE FOR A

16   SETTLEMENT CONFERENCE TO BE HELD, I GUESS, AS SOON AS WE CAN

17   FIT ONE IN.  AND WE WILL LET YOU KNOW WHO THAT IS.  AND YOU CAN

18   CONTACT THAT PERSON AND SET UP A DATE.

19             MR. FOSTER:  THAT'S FINE.  THIS MAY BE A SILLY

20   SUGGESTION, BUT WITH THE CLIENT IN FROM CHINA NEXT WEEK, IS

21   THAT TOO SOON TO HAVE A SETTLEMENT CONFERENCE?

22             THE COURT:  IT'S PROBABLY TOO SOON TO GET ON

23   ANYBODY'S CALENDAR UNLESS THEY HAD AN OPENING.

24        YOU COULD GO TO YOUR GUY.  YOU MIGHT CALL YOUR GUY.

25   I AM SORRY NOT TO SAY HIS NAME, BUT I DON'T -- IT JUST GOES IN
```

1   ONE EAR AND OUT THE OTHER.

2           PEOPLE WHO ARE GETTING PAID BY THE HOUR TEND TO BE

3   MORE AVAILABLE.

4           **MR. FOSTER:**  WE WILL NOT MENTION TO HIM, YOUR HONOR,

5   THAT YOU HAD NEVER HEARD OF HIM.  HE SAYS HE'S DONE 3,000

6   MEDIATIONS.

7           **THE COURT:**  OKAY.  I PROBABLY HAVE, IT'S HARD TO

8   REMEMBER.

9           BUT, ANYWAY, I THINK THAT WOULD BE A GOOD IDEA.

10  CALL HIM AND SEE IF YOU CAN'T SET UP SOMETHING WHILE THE CLIENT

11  IS HERE.  YOU CAN TALK ABOUT ALL THESE ISSUES.

12          **MR. MOSIER:**  YOUR HONOR, THE LAST MATTER I JUST

13  WANTED TO REQUEST BRIEFLY IS THE ATTORNEYS' FEES ASSOCIATED

14  WITH THE BRINGING OF THE CONTEMPT MOTION.  WE WOULD ASK THAT

15  THEY BE INCLUDED.

16          **THE COURT:**  HAVE YOU SUBMITTED A DECLARATION ABOUT

17  WHAT THEY ARE AND ALL?

18          **MR. MOSIER:**  NO.

19          **THE COURT:**  OKAY.  I WILL THINK ABOUT THAT AND I

20  WILL ISSUE AN ORDER.

21          I DON'T WANT YOU TO SUBMIT YOUR FEES IF I AM NOT

22  GOING TO AWARD THEM BECAUSE THAT WOULD BE A WASTE OF TIME.  LET

23  ME PUT OUT AN ORDER WHETHER I AM GOING TO OR NOT -- OR MAYBE

24  BETTER YET WHAT I WILL DO IS, I AM GOING TO TAKE THAT UNDER

25  SUBMISSION PENDING SEEING IF YOU CAN'T SETTLE THE CASE AS A

1    WHOLE.

2              IF YOU CAN'T, I WILL CONSIDER ATTORNEYS' FEES ON THE

3    CONTEMPT MOTION.

4              **MR. MOSIER:**  THANK YOU, YOUR HONOR.

5              **MR. FOSTER:**  THANK YOU.

6

7              **THE COURT:**  THANK YOU.

8                  (PROCEEDINGS CONCLUDED AT 3:20 P.M.)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**CERTIFICATE OF REPORTER**

       I, DIANE E. SKILLMAN, OFFICIAL REPORTER FOR THE UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA, HEREBY CERTIFY THAT THE FOREGOING PROCEEDINGS IN C-11-4991 CW, SUNEARTH, INC., ET AL. VERSUS SUN EARTH SOLAR POWER COMPANY, LTD., ET AL. PAGES NUMBERED 1 THROUGH 21, WERE REPORTED BY ME, A CERTIFIED SHORTHAND REPORTER, AND WERE THEREAFTER TRANSCRIBED UNDER MY DIRECTION INTO TYPEWRITING; THAT THE FOREGOING IS A FULL, COMPLETE AND TRUE RECORD OF SAID PROCEEDINGS AS BOUND BY ME AT THE TIME OF FILING.

       THE INTEGRITY OF THE REPORTER'S CERTIFICATION OF SAID TRANSCRIPT MAY BE VOID UPON REMOVAL FROM THE COURT FILE.


       /S/ DIANE E. SKILLMAN

       DIANE E. SKILLMAN, CSR 4909, RPR, FCRR

       FRIDAY, JUNE 29, 2012