IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNEARTH, INC., a California corporation, and THE SOLARAY CORPORATION, a Hawaiian corporation, | No. C 11-4991 CW |
| | ORDER REGARDING BILLS OF COSTS AND OBJECTIONS |
| Plaintiffs, | |
| | (Docket Nos. 168, 169, 172, 173) |
| v. | |
| SUN EARTH SOLAR POWER CO., LTD., a Chinese limited liability company, and NBSOLAR USA INC., a California corporation, | |
| Defendants. | |

_____/

On August 23, 2013, the Court entered judgment in favor of Plaintiffs SunEarth Inc. and The Solaray Corporation and against Defendants Sun Earth Solar Power Co., Ltd. and NBSolar USA Inc., including an award of costs. On September 6, 2013, both Plaintiffs and Defendants filed a bill of costs. Both sides filed objections to the other's bill of costs. The Court now resolves these objections.

BACKGROUND

On October 11, 2011, Plaintiffs filed a complaint asserting Defendants infringed Plaintiffs' SUNEARTH mark. Docket No. 1. On March 13, 2012, the Court entered a preliminary injunction against Defendants. Docket No. 80. On April 2, 2012, Defendants served upon Plaintiffs a Rule 68 offer of judgment. Docket No. 168-1. Defendants offered Plaintiffs a $50,000 payment, cancellation of Defendants' trademark registration, and consent to making

permanent the terms of the Court's modified preliminary injunction. Id. Plaintiffs rejected Defendants' offer of judgment.

On April 24, 2012, Plaintiffs filed a motion for civil contempt, alleging that Defendants violated the preliminary injunction. The Court granted the motion in part and took under submission Plaintiffs' request for attorneys' fees incurred in bringing the motions for preliminary injunction and for sanctions.

After a bench trial, on August 23, 2013, the Court issued findings of fact and conclusions of law and entered judgment in favor of Plaintiffs and against Defendants. Docket Nos. 163, 165. The Court entered a permanent injunction against Defendants. Docket No. 164. The Court also awarded attorneys' fees in connection with Plaintiffs' second motion for contempt and denied fees in connection with Plaintiffs' third motion for contempt. Docket No. 162. On November 22, 2013, the Court amended the judgment and amended the permanent injunction. Docket Nos. 184, 185. Judgment was entered in favor of Plaintiffs on their claims for (1) trademark and trade name infringement under the Lanham Act, 15 U.S.C. § 1125(a), et seq., as well as California Business and Professions Code §§ 14415 and 14402, and (2) cybersquatting under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) as to the sunearth.us domain only, and (3) cancellation of Defendants' Trademark Registration No. 3,886,941. Docket No. 185. The Court awarded no damages. See id. The judgment also awarded costs to Plaintiffs pursuant to Federal Rule of Civil Procedure 54. See id.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

On September 6, 2013, Plaintiffs filed a bill of costs claiming $18,699.68 under Federal Rule of Civil Procedure 54. Docket No. 169.  On the same day, Defendants filed a bill of costs in the amount of $12,719.27 pursuant to Federal Rule of Civil Procedure 68.  Docket No. 168.  On September 13, 2013, both parties filed objections to the other side's bill of costs.

LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) states that, unless otherwise provided, costs other than attorneys' fees should be awarded to the prevailing party.

Rule 68 provides an exception that shifts an award of costs to the non-prevailing party where the non-prevailing party previously made an offer of judgment that was rejected.  The offer must be made at least fourteen days before trial, be served in specific terms, and include costs then accrued.  Fed. R. Civ. P. 68(a).  In the event that the offer of judgment is rejected, "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."  Fed. R. Civ. P. 68(d). Rule 68(d) supersedes Rule 54(d) and uses the threat of the burden of costs to encourage pretrial settlement of cases.  Waters v. Heublein, Inc., 485 F. Supp. 110, 113 (N.D. Cal. 1979).

DISCUSSION

I.   Costs incurred by Plaintiffs after Defendants' April 2, 2012 offer

Defendants argue that because they served on Plaintiffs a Rule 68 offer of judgment exceeding Plaintiffs' actual recovery, Plaintiffs must bear their own costs as well as Defendants' costs

3

following the date of said offer of judgment.  See <u>Dalal v.</u> <u>Alliant Techsystems, Inc.</u>, 927 F. Supp. 1374, 1383 (D. Colo. 1996) <u>aff'd,</u> 182 F.3d 757 (10th Cir. 1999).  Plaintiffs disagree, asserting that the Court's judgment exceeded Defendants' offer of judgment.

The underlying question of the Rule 68 determination is whether Plaintiffs were substantially justified in refusing Defendants' offer.  See <u>Hawkins v. Berkeley Unified Sch. Dist.</u>, 2008 U.S. Dist. LEXIS 94673, 59 (N.D. Cal.).  As the party bringing the motion for cost-shifting under Rule 68, Defendants bear the burden of showing that their offer was in fact more favorable. <u>See id.</u>; 12 Charles Alan Wright et al., <u>Federal</u> <u>Practice and Procedure</u> § 3006.1 (2d ed. 2013).  In comparing Defendants' offer to Plaintiffs' final recovery, the Court must consider both monetary and nonmonetary relief.  <u>Liberty Mut. Ins.</u> <u>Co. v. EEOC</u>, 691 F.2d 438, 442 (9th Cir. 1982).  While it may be difficult to include nonmonetary relief in the calculus, it is necessary to do so because injunctive relief can be a strong motivator for bringing and maintaining a lawsuit.  <u>See id.</u>

A.   Monetary terms

Defendants offered $50,000 in monetary relief.  The Court awarded no money damages to Plaintiffs.

The award of pre-offer costs, however, must be added to the final judgment amount or, alternatively, deducted from the offer amount.  <u>Champion Produce Inc. v. Ruby Robinson Co.</u>, 342 F.3d 1016, 1020 (9th Cir. 2003).  <u>See also</u> Fed. R. Civ. P. 68(a).

**United States District Court**
For the Northern District of California

Plaintiffs state that they incurred $6,916.46 in costs prior to April 2, 2012.[1]  See Docket No. 169, Exs. 8, 15-17, 20.

Plaintiffs note that the offer language stated that the offer amount included "all damages and injunctive relief that may be awarded to Plaintiffs . . . as well as prejudgment interest, court costs, expert witness fees, and attorneys' fees."  Docket No. 168-1 at ¶ 2.  Plaintiffs argue that Defendants' inclusion of the phrase "court costs" in this sentence is somehow "ambiguous" and indicates that "Plaintiffs' judgment amount should further be increased by the amount of post-offer costs to which Plaintiffs are entitled, $11,783.22."  Docket No. 173 at 4.  Plaintiffs' point is not well-taken.  The term "court costs" is not ambiguous. Defendants intended to offer an amount that would cover court costs incurred until the point of the offer.  It makes no sense to say that Defendants intended to include in their offer any further costs that Plaintiffs would incur by litigating the case further -- exactly what Defendants' offer was intended to prevent.  See Marek v. Chesny, 473 U.S. 1, 7 (1985) ("The Court of Appeals correctly recognized that post-offer costs merely offset part of the expense of continuing the litigation to trial, and should not be included in the calculus").

Plaintiffs next contend that, because the Court awarded Plaintiffs attorneys' fees in connection with Plaintiffs' second motion for contempt, Plaintiffs' final judgment amount should

---

[1] Defendants calculated that Plaintiffs incurred $7,272.41 in pre-offer costs, which is higher than the amount stated by Plaintiffs.  The Court adopts Plaintiffs' assessment of their own costs.

further be increased by the amount of the award.[2]  After finding
that Defendants made unacceptably vague and conclusory statements
in their report of compliance with the preliminary injunction
order, the Court granted Plaintiffs' motion to find Defendants in
civil contempt and awarded Plaintiffs reasonable attorneys' fees
for bringing the motion.  Docket No. 162 at 4, 11.  After the
Court awarded attorneys' fees, the parties stipulated to the
amount to be awarded: $33,000.  Docket No. 171.

Attorneys' fees are not automatically considered costs under
the Rule 68 analysis.  The Supreme Court has ruled that Rule 68
costs include attorneys' fees "where the underlying statute
defines 'costs' to include attorney's fees," absent any
congressional expression to the contrary.  Marek, 473 U.S. at 9
(holding that because attorneys' fees are defined in § 1983 as
costs, they were properly considered as costs in the Rule 68
analysis, and a Rule 68 offer would bar recovery of post-offer
attorneys' fees).  But where the statute defines attorneys' fees
and costs separately, attorneys' fees are not considered Rule 68
costs.  Haworth v. State of Nev., 56 F.3d 1048, 1051 (9th Cir.
1995) (ruling that attorneys' fees for an FLSA claim are not Rule
68 costs).

The Court is not altogether convinced that this award should
be factored into the final judgment.  The attorneys' fees at issue
here were not awarded under a statute's fee-shifting provision;

---

[2] Plaintiffs contend that post-offer attorneys' fees were
somehow included in the offer's "ambiguous" language.  As
previously noted, the offer language is not ambiguous, and this
argument is similarly invalid.

United States District Court
For the Northern District of California

they were awarded to compensate Plaintiffs for bringing a motion
for civil contempt for violation of the preliminary injunction.
Accepting the Rule 68 offer likely would not have barred the
attorneys' fee award.  If Plaintiffs had accepted Defendants'
offer, a permanent injunction would have been in place.  Assuming
Defendants also violated the offered permanent injunction,
Plaintiffs likely would have been able to enforce the injunction
in a similar fashion and also seek reasonable attorneys' fees.
The attorneys' fees award for bringing the motion for contempt
thus appears to be independent of any final judgment and likely
would have been provided anyway.  The attorneys' fees award is
therefore of questionable relevance to the comparison of
Defendants' offer of judgment with Plaintiffs' final recovery.

Nonetheless, if the $33,000 were included, the final judgment
would total $39,916.46, which is less than the $50,000 monetary
offer.

B.   Non-monetary terms

In their Rule 68 offer, Defendants proposed to cancel their
trademark registration and make permanent the terms of the
preliminary injunction.  The Court ultimately cancelled
Defendants' trademark registration and entered a permanent
injunction.  The question then becomes whether Defendants' offer
to make permanent the terms of the preliminary injunction was
equivalent to the final permanent injunction which the Court
entered.

As acknowledged by the Court in entering the permanent
injunction, the terms are "similar to those that the Court
included in the modified preliminary injunction."  Docket No. 163

United States District Court
For the Northern District of California

at 44-45.  The Court also noted that it would "maintain in the permanent injunction terms similar to those in the preliminary injunction."  Id. at 59.  Indeed, the preliminary injunction and permanent injunction are substantially identical except for some differences in wording to make the injunction permanent.  There are two differences of note between the preliminary and permanent injunctions.  First, the preliminary injunction ordered Defendants to block United States visitors from accessing the websites then before the Court, SunEarth.com, SunEarthpower.com, and SunEarthpower.net, and provide a "choice" page that would allow visitors to access Plaintiffs' website.  The permanent injunction similarly ordered Defendants to block those sites, but generalized the prohibition to any subsequent sites, including any website that Defendants maintained with "SUN EARTH" in the address.  Although the permanent injunction is broader, the preliminary injunction was narrowly tailored to address the status quo, which at the time, and as far as the Court was aware, was limited to the three websites mentioned.  The permanent injunction had to address all future scenarios, extending beyond the Court's knowledge at the time.  Second, the preliminary injunction had ordered that the Sunearth.us domain name be placed on registry hold status in order to preserve the option of an eventual transfer to Plaintiffs, which would be appropriate if Plaintiffs prevailed.  The permanent injunction followed through on that option and ordered the transfer of the domain name.  These differences are therefore not substantial and do not exceed what was contemplated by the preliminary injunction.

Because the nonmonetary terms of the offer and judgment are roughly equal, and the monetary terms of the offer exceed that of the judgment, the Court concludes that Plaintiffs were not substantially justified in rejecting Defendants' offer.

II.   Miscellanous objections to costs

    A.   Defendants' objections to certain of Plaintiffs' costs

    Defendants further object to two categories of Plaintiffs' costs.  Because these costs were incurred after the offer date, and the Court has already determined those costs must be borne by Plaintiffs themselves, the Court need not decide if they are taxable or not.

    B.   Plaintiffs' objections to certain of Defendants' costs

    According to Plaintiffs' motion, the parties met and conferred and reached resolution on one of Plaintiffs' objections. Specifically, Defendants agreed to withdraw their request for the $2,800 for "Interpreter's fee for preparing witness" on October 8, 2012.

    However, Plaintiffs maintain their objection to Defendants' claim for $2,989.96 in costs for "Witness airfare" on October 7, 2012, which has not been resolved.  Plaintiffs contend that (1) this type of cost is not taxable, and (2) Defendants have not provided sufficient documentation to validate this request. Plaintiffs provide no citation to authority to substantiate their complaint.  Civil Local Rule 54-3(e) permits the taxation of witness expenses such as "per diem, subsistence and mileage payments" "to the extent reasonably necessary and provided for by 28 U.S.C. § 1821."  As long as the witness traveled by common carrier and by the "shortest practical route," "at the most

economical rate reasonably available," the Court sees no reason to bar Defendants from taxing costs because their witness traveled by air from China.  Defendants provided an International Air Passenger Transportation Receipt.  Plaintiffs have not explained why the documentation is insufficient.  The objection is therefore denied.

CONCLUSION

Because Plaintiffs were not justified in refusing Defendants' April 2, 2012 offer, Plaintiffs cannot recover any post-offer costs.  Plaintiffs must also reimburse Defendants for their post-offer costs.  The Clerk of the Court shall tax Defendants' bill of costs, with the reduction of the $2,800 for "Interpreter's fee for preparing witness" that Defendants agreed to withdraw. Plaintiffs' bill of costs shall be reduced to $6,916.46 only, which shall also be taxed by the Clerk of the Court.

IT IS SO ORDERED.

Dated:  4/18/2014

CLAUDIA WILKEN
United States District Judge

United States District Court
For the Northern District of California

10