United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SUNEARTH INC., et al.,

        Plaintiffs,

    v.

SUN EARTH SOLAR POWER CO., LTD., et al.,

        Defendants.

Case No. 11-cv-04991-CW

ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

(Dkt. No. 240)

On August 23, 2017, Plaintiffs SunEarth Inc. and The Solaray Corporation filed a motion for leave to file a motion for reconsideration of the Court's August 22, 2017 Order (Docket No. 239). The August 22, 2017 Order denied Plaintiffs' Bill of Costs (Docket Nos. 236 and 237) and held that the Court's April 14, 2014 Order (Docket No. 195)[1] continues to govern the award of costs. Docket No. 239 at 3-4. On September 5, 2017, Defendants NBSolar USA Inc. and Sun Earth Solar Power Co., Ltd. filed an

_____

[1] The Court's April 14, 2014 Order held that Federal Rule of Civil Procedure 68 barred Plaintiffs from taxing any costs incurred after Defendants made an offer to settle the case on April 2, 2012, and ordered Plaintiffs to reimburse Defendants for their post-offer costs. Docket No. 195 at 10.

United States District Court
Northern District of California

1   opposition.[2]  Having considered the papers, the Court DENIES

2   Plaintiffs' motion.

3       Plaintiffs claim that the Court should reconsider its August

4   22, 2017 Order because it is contrary to law.

5       Plaintiffs first argue that the Court's order overlooked

6   controlling Ninth Circuit authority, <u>California Union Ins. Co. v.</u>

7   <u>American Diversified Savings Bank</u>, 948 F.2d 556, 567 (9th Cir.

8   1990), which states that "an order fixing costs in the district

9   court, while an appeal was pending, 'should be considered an

10  inseparable part' of the pending appeal."  Because this case was

11  not presented to the Court before it issued the August 22, 2017

12  Order, reconsideration on this basis is not warranted.  <u>See</u> Civ.

13  L.R. 7-9(b)(3) (requiring reconsideration where the Court failed

14  "to consider material facts or dispositive legal argument which

15  were presented to the Court").  Moreover, this case merely holds

16  that a court of appeal may review an order fixing costs along

17  with the underlying judgment.  <u>See</u> <u>California Union Ins. Co.</u>, 948

18  F.2d at 567; <u>see also</u> <u>Twentieth Century Fox Film Corp. v.</u>

19  <u>Goldwyn</u>, 328 F.2d 190, 222-23 (9th Cir. 1964) (same).  This does

20  not mean that an appeal automatically reverses an order fixing

21  costs.

22      Plaintiffs next argue that the Court misinterpreted <u>Amarel</u>

23  <u>v. Connell</u>, 102 F.3d 1494 (9th Cir. 1996), and its progeny.  But

24  all of the cases cited by Plaintiffs make clear that "<u>reversal of</u>

25  <u>the district court's judgment</u> . . . operates to reverse the

26

27      [2] Defendants filed this response to Plaintiffs' Civil Local
    Rule 7-9 motion even though Defendants recognized that the rule
28  "provides that no response need be filed, unless otherwise
    ordered by the Court."  Docket No. 241.

United States District Court
Northern District of California

1    district court's award of costs." Id. at 1523 (emphasis added);

2    see also R & R Sails, Inc. v. Ins. Co. of Pennsylvania, 673 F.3d

3    1240, 1248 (9th Cir. 2012) ("Our reversal of the district court's

4    judgment on R & R's claims necessitates reversal of the district

5    court's award of costs as well.") (emphasis added).  Here, there

6    was no reversal of the judgment; instead, the Ninth Circuit

7    affirmed the judgment and remanded the issue of attorneys' fees.

8    Accordingly, the order fixing costs still stands.

9         Even if the Court were to reconsider the April 14, 2014

10   Order, the Court's ruling would be the same.  Plaintiffs claim

11   that the Court's ruling that Federal Rule of Civil Procedure 68

12   bars Plaintiffs from taxing any costs incurred after Defendants'

13   April 2, 2012 offer to settle is no longer valid because

14   Plaintiffs recovered an additional $7,835.00 in attorneys' fees

15   while the case was on appeal at the Ninth Circuit.  Motion at 6.

16   But the Court's order made clear that attorneys' fee awards

17   should not be considered as part of the value of the final

18   recovery in this case.  April 14, 2014 Order at 6 (citing Marek

19   v. Chesny, 473 U.S. 1, 9 (1985) (holding that attorneys' fees

20   should not factor into the Rule 68 calculation of the final

21   recovery unless the suit's underlying statute defines attorneys'

22   fees as "costs.").  The Ninth Circuit awarded fees on appeal

23   because of Defendant's "dilatory" conduct and maintenance of a

24   "meritless cross-appeal" (Docket No. 235 at 8), not because of a

25   statutory fee-shifting provision.  The additional attorneys' fees

26   awarded on appeal therefore do not change the Court's April 14,

27   2014 ruling.

28        The Court has considered the remainder of Plaintiffs'

3

arguments but finds that they have already been addressed by previous orders or are otherwise meritless.  Accordingly, Plaintiffs' motion for leave to file a motion for reconsideration (Docket No. 240) is DENIED.

    IT IS SO ORDERED.


Dated: September 13, 2017

CLAUDIA WILKEN
United States District Judge